1  FRED M. BLUM, ESQ. (SBN 101586)
   JONATHAN E. MEISLIN, ESQ. (SBN 243523)
2  **BASSI, MARTINI, EDLIN & BLUM LLP**
   351 California Street, Suite 200
3  San Francisco, CA 94104
   Telephone:    (415) 397-9006
4  Facsimile:    (415) 397-1339

5  Attorneys for DEFENDANTS
   **MAYHEW CENTER, LLC AND DEAN DUNIVAN**
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | WALNUT CREEK MANOR, LLC,                          ) | CASE NO.    C 07 5664
13 |              Plaintiffs,                          ) | **ANSWER OF DEFENDANTS**
   |                                                   ) | **MAYHEW CENTER, LLC, AND**
14 |     vs.                                           ) | **DEAN DUNIVAN TO PLAINTIFFS'**
   |                                                   ) | **COMPLAINT**
15 | MAYHEW CENTER, LLC, a California limited          ) |
   | liability company; Dean Dunivan, an individual;   ) | **DEMAND FOR JURY TRIAL**
16 | Etch-Tek, Inc., a former California corporation,  ) |
   | Etch-Tek Electronics Corporation, a suspended     ) |
17 | California corporation, and DOES 1-50,            ) |
   | inclusive,                                        ) |
18 |                                                   ) |
   |              Defendants.                          ) |
19 |                                                   ) |
20 |_____) |

21    Defendants MAYHEW CENTER, LLC, a California limited liability company ("MC"), and

22 DEAN DUNIVAN, an individual ("DUNIVAN") (collectively "Defendants"), hereby answer the

23 Complaint of WALNUT CREEK MANOR, LLC ("Plaintiff") filed in the above-entitled Court, as

24 follows:

25                                **PARTIES**

26    1.   With regard to paragraph 1, Defendants are without sufficient knowledge or

27 information to form a belief as to the truth of the allegations contained therein, and on that basis

28 deny same.

2. Defendants admits paragraph 2.

3. With regard to paragraph 3, Defendants admit that DUNIVAN is an member and the principal manager of MC and manages the Mayhew Center Property by virtue of his position as the principal manager of MC. Defendants deny paragraph 3 to the extent that it states that DUNIVAN owns the Mayhew Center property.

4. With regard to paragraph 4, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny same.

5. With regard to paragraph 5, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny same.

6. Paragraph 6 is too indefinite in that alleges the existence of fictitious defendants and the occurrence of fictitious acts. Defendants are, therefore, without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny same.

## JURISDICTION AND VENUE

7. With regard to paragraph 7, Defendants admit that this is a suit by the Plaintiff against the various defendants listed in paragraph 7. However, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff is the owner and operator of a seniors-only apartment complex in Walnut Creek.

8. With regard to paragraph 8, Defendants admit that Plaintiffs have brought this action under the statutes described therein. However, Defendants deny liability or claims for damages thereunder. With respect to the final two sentences contained in Paragraph 8, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same. Defendants further maintain that the statutes referenced in paragraph 8 speak for themselves.

9. All statutes mentioned within paragraph 9 speak for themselves. Nevertheless, Defendants are without sufficient knowledge or information at this time to determine if venue is

proper in the Northern District of California, and on that basis deny same.

## BACKGROUND FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10.    With regard to paragraph 10, Defendants admit the first sentence in paragraph 10. However, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in sentences 2, 3 and 4 of paragraph 10.

11.    With regard to paragraph 11, Defendants deny the first sentence contained therein. With respect to the final two sentences of paragraph 11, Defendants maintain that the statutes speak for themselves.

12.    With regard to paragraph 12, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences, and on that basis deny the allegations contained therein. With regard to the second sentence contained in paragraph 12, Defendants deny the allegations contained therein.

13.    Defendants deny each and every allegation contained in paragraph 13.

14.    With regard to paragraph 14, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein. With regard to Plaintiff's allegations related to the statute contained in paragraph 14, Defendants maintain that the statute speaks for itself.

15.    With regard to paragraph 15, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

16.    With regard to paragraph 16, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

17.    With regard to paragraph 17, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

18. With regard to paragraph 18, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

19. With regard to paragraph 19, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

20. With regard to paragraph 20, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

21. With regard to paragraph 21, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

22. With regard to paragraph 22, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

23. With regard to paragraph 23, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein. With regard to Plaintiff's allegations related to the statute contained in paragraph 23, Defendants maintain that the statute speaks for itself.

24. With regard to paragraph 24, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

25. With regard to paragraph 25, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

**FIRST CLAIM FOR RELIEF (EQUITABLE RELIEF UNDER RCRA)**

26. Defendants admit, deny, and otherwise answer paragraph 26 in accordance with their previous responses with respect to paragraphs 1-25.

27. With regard to paragraph 27, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

28. With regard to paragraph 28, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same. With regard to Plaintiff's allegations related to the statutes contained in paragraph 28, Defendants maintain that the statutes speak for themselves.

29. Defendants deny each and every allegation contained in paragraph 29.

30. Defendants deny paragraph 30 with respect to all allegations referring to them. With regard to all allegations related to statutes in paragraph 30, Defendants maintain that the statutes speak for themselves. With regard to the remaining allegations contained in paragraph 30, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

31. With regard to paragraph 31, Defendants maintain that the statute speaks for itself and that Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

32. With regard to paragraph 32, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

33. With regard to all allegations referring to the statute contained in paragraph 33, Defendants maintain that the statutes speak for themselves. Otherwise, Defendants without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

**SECOND CLAIM FOR RELIEF (DECLARATORY RELIEF UNDER RCA)**

34. Defendants admit, deny, and otherwise answer paragraph 34 in accordance with their previous responses with respect to paragraphs 1-33.

35. With regard to paragraph 35, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraph 35, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

36. With regard to paragraph 36, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

37. With regard to paragraph 37, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

### THIRD CLAIM FOR RELIEF (CERCLA COST RECOVERY)

38. Defendants admit, deny, and otherwise answer paragraph 38 in accordance with their previous responses with respect to paragraphs 1-37.

39. With regard to paragraph 39, Defendants maintain that the statute referenced in that paragraph speaks for itself and otherwise deny allegations contained therein with respect to the property referred to in Plaintiff's complaint as the Mayhew Center Property. With regard to all other property referenced in paragraph 39, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same with respect to those properties.

40. With regard to paragraph 40, Defendants maintain that the statute referenced in that paragraph speaks for itself and that Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

41. With regard to paragraphs 41-42, Defendants maintain that the statutes referenced in those paragraphs speak for themselves. Defendants otherwise deny the allegations contained therein.

42. With regard to paragraphs 43-45, Defendants maintain that the statutes referenced in those paragraphs speak for themselves and that Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

43. With regard to paragraphs 46-48, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 46-48, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

44. With regard to paragraph 49, Defendants deny all allegations related to them and maintain that all statutes contained in that paragraph speak for themselves. With regard to the remaining allegations contained in paragraph 49, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

## FOURTH CLAIM FOR RELIEF (CERCLA CONTRIBUTION)

45. Defendants admit, deny, and otherwise answer paragraph 50 in accordance with their previous responses with respect to paragraphs 1-49.

46. With regard to paragraphs 51-52, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 51-52, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

47. With regard to paragraphs 53-55, Defendants deny all allegations related to them and maintain that all statutes contained in those paragraphs speak for themselves. With regard to the remaining allegations contained in paragraphs 53-55, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

## FIFTH CLAIM FOR RELIEF (PRIVATE NUISANCE)

48. Defendants admit, deny, and otherwise answer paragraph 56 in accordance with their previous responses with respect to paragraphs 1-55.

49. With regard to paragraphs 57-60, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 57-60, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

50. With regard to paragraph 61, Defendants deny all allegations related to them and maintain that the statute contained in that paragraph speaks for itself. With regard to the remaining allegations contained in paragraph 61, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

51. With regard to paragraph 62, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraph 62, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

52. With regard to paragraph 63, Defendants deny all allegations related to them and maintain that the case cited in that paragraph speaks for itself. With regard to the remaining allegations contained in paragraphs 63, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

53. With regard to paragraphs 64-67, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 64-67, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

54. With regard to paragraph 68, Defendants deny all allegations related to them and maintain that the statute contained in that paragraph speaks for itself. With regard to the remaining allegations contained in paragraph 68, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

### SIXTH CLAIM FOR RELIEF (PUBLIC NUISANCE)

55. Defendants admit, deny, and otherwise answer paragraph 69 in accordance with their previous responses with respect to paragraphs 1-68.

56. With regard to paragraphs 70-71, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 70-71, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

57. With regard to paragraphs 72-73, Defendants deny all allegations related to them and maintain that the statutes contained in those paragraphs speak for themselves. With regard to the remaining allegations contained in paragraphs 72-73, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

58. Defendants deny each and every allegation contained in paragraph 74.

### SEVENTH CLAIM FOR RELIEF (TRESPASS)

59. Defendants admit, deny, and otherwise answer paragraph 75 in accordance with their previous responses with respect to paragraphs 1-74.

60. With regard to paragraphs 76-78, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 76-78, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

### EIGHTH CLAIM FOR RELIEF (NEGLIGENCE)

61. Defendants admit, deny, and otherwise answer paragraph 79 in accordance with their previous responses with respect to paragraphs 1-78.

62. With regard to paragraphs 80-84, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 80-84, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

### NINTH CLAIM FOR RELIEF (NEGLIGENCE PER SE)

63. Defendants admit, deny, and otherwise answer paragraph 85 in accordance with their previous responses with respect to paragraphs 1-84.

64. With regard to paragraphs 86-89, Defendants deny all allegations related to them and otherwise maintain that the statutes referenced in those paragraphs speak for themselves. With regard to the remaining allegations contained in paragraphs 86-89, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

65. With regard to paragraph 91, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraph 91, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

## TENTH CLAIM FOR RELIEF (STRICT LIABILITY)

66. Defendants admit, deny, and otherwise answer paragraph 92 in accordance with their previous responses with respect to paragraphs 1-91.

67. With regard to paragraphs 92-95, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 92-95, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

## ELEVENTH CLAIM FOR RELIEF (STRICT LIABILITY)

68. Defendants admit, deny, and otherwise answer paragraph 96 in accordance with their previous responses with respect to paragraphs 1-95.

69. With regard to paragraph 97, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraph 97, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

## TWELFTH CLAIM FOR RELIEF (DECLARATORY RELIEF)

70. Defendants admit, deny, and otherwise answer paragraph 98 in accordance with their previous responses with respect to paragraphs 1-97.

71. With regard to paragraph 71, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraph 71, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

72.  Defendants deny each and every allegation contained in paragraph 100.

## DEFENSES

1.  To further answer the Plaintiffs' Complaint, Defendants assert the following affirmative defenses:

### FIRST DEFENSE
(Failure to State a Cause of Action)

2.  One or more of the causes of action asserted in the Complaint fail to state a claim against Defendants for which relief can be granted.

### SECOND DEFENSE
(Uncertainty)

3.  The Complaint, and each purported cause of action asserted therein, is uncertain.

### THIRD DEFENSE
(Assumption of Risk)

4.  Defendants are informed and believe and on such basis allege that Plaintiffs knowingly and voluntarily assumed the risk, if any, of the damages alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
(Intervening Acts)

5.  Defendants allege that they are not liable to Plaintiffs because of the subsequent and intervening acts of Plaintiffs, other Defendants, other third parties and/or acts of God, all of which caused the damages, if any, alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
(Cause In Fact)

6.  Defendants allege that Plaintiffs cannot prove any facts showing that the conduct of Defendants was the cause in fact of any threatened or actual releases of hazardous substances or hazardous wastes as alleged in the Complaint.

### SIXTH DEFENSE
(Proximate Cause/Substantial Factor)

7.  Defendants allege that Plaintiffs cannot prove any facts showing that the conduct

of Defendants was the proximate cause of, or a substantial factor in, any threatened or actual releases of hazardous substances or hazardous wastes as alleged in the Complaint.

### SEVENTH DEFENSE

**(Comparative Negligence Against Plaintiffs)**

8. Defendants allege that the negligence of Plaintiffs proximately caused and/or were substantial factors in whatever injuries or damages are alleged by Plaintiffs in the Complaint. By reason thereof, Plaintiffs' recovery, if any, must be diminished by the proportion of their own negligence.

### EIGHTH DEFENSE

**(Comparative Negligence of Third Persons)**

9. Defendants allege that the negligence and/or intentional misconduct of third parties proximately caused and/or was a substantial factor in whatever injuries or damages are alleged by Plaintiffs in the Complaint. By reason thereof, Plaintiffs' recovery, if any, must be diminished by the proportion of the negligence and/or intentional misconduct of the third parties.

### NINTH DEFENSE

**(Conformance with Statute, Regulations, and Industry Standards)**

10. Defendants allege that to the extent Plaintiffs prove that Defendants conducted any of the activities alleged in the Complaint, those activities conformed with and were pursuant to statutes, government regulations and industry standards based upon the state of knowledge existing at the time of the activities.

### TENTH DEFENSE

**(Estoppel)**

11. By virtue of the acts, conduct and omissions of Plaintiffs, Plaintiffs are estopped from asserting the claims alleged in the Complaint.

### ELEVENTH DEFENSE

**(Waiver)**

12. Defendants allege that as a result of the acts, conduct and omissions of Plaintiffs, Plaintiffs have waived their right to assert the purported causes of action in the Complaint.

## TWELFTH DEFENSE

### (Mitigation of Damages)

13. Defendants allege that Plaintiffs have failed to take reasonable steps to mitigate any damages.

## THIRTEENTH DEFENSE

### (Statute of Limitations)

14. Defendants allege that some of the causes of action in the Complaint asserted therein are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 337.1, 337.15, 337.2, 338(b), 338.1, 340, and 343, and Section 113 of CERCLA, 42 U.S.C. § 9613.

## FOURTEENTH DEFENSE

### (Laches)

15. By virtue of Plaintiffs' unreasonable delay in commencing this action which delay has caused prejudice to Defendants certain of the purported causes of action asserted in the Complaint are barred by the doctrine of laches.

## FIFTEENTH DEFENSE

### (De Minimis Effect)

16. Defendants allege that if hazardous substances or hazardous wastes as alleged by Plaintiffs leaked or spilled from the Site, such leak or spill was of such a minor, trivial or insignificant amount in view of the circumstances surrounding the alleged contamination of the soil and groundwater at the Site that no reasonable person would conclude that Defendants have created or caused the damages alleged in the Complaint.

## SIXTEENTH DEFENSE

### (Failure to Join Necessary Parties)

17. Plaintiffs have failed to join all persons necessary for a full and just adjudication of the purported causes of action asserted in the Complaint.

///

///

## SEVENTEENTH DEFENSE

**(Defense Under CERCLA Section 107(b) Based on the Acts or Omissions of a Third Party)**

18.     Defendants allege that the releases or threats of releases of hazardous substances and hazardous wastes, if any, alleged in the Complaint and the resulting damages therefrom, were solely caused by the acts or omissions of a third party or parties. Such third party or parties were neither an employee nor an agent of Defendants nor did the acts or omissions of such third party or parties occur in connection with a contractual relationship, existing directly or indirectly, with Defendants. If it is determined that there were releases of hazardous substances or hazardous wastes, then Defendants allege that they exercised due care with respect to the hazardous substances and hazardous wastes allegedly concerned, taking into consideration the characteristics of such hazardous substances and hazardous wastes in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of any third party and the consequences that could foreseeably result from such acts or omissions. Therefore, Defendants are not liable for any resulting response costs or damages by reason of the provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") Section 107(b)(3), 42 U.S.C. § 9607(b)(3).

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Defense Under Section 107(b) of CERCLA, Based on an Act of God)**

19.     Defendants allege that some or all of the releases or threats of releases of hazardous substances or hazardous wastes, if any, alleged in the Complaint and the resulting damages therefrom, were solely caused by an Act of God, as defined by CERCLA Section 101(1), 42 U.S.C. § 9601(1). To the extent this caused releases or threatened releases of hazardous or hazardous wastes at or from the property, Defendants are not liable for any resulting response costs or damages by reason of the provisions of CERCLA Section 107(b)(1), 42 U.S.C. § 9607(b)(1).

/ / /

/ / /

/ / /

## NINETEENTH DEFENSE

### (Defense Under Section 107(b)(4) of CERCLA, Based on a Combination of an Act of God and the Actions of a Third Party)

20. Defendants allege that some or all of the releases or threats of release of hazardous substances or hazardous wastes, if any, alleged in the Complaint and the resulting damages therefrom, were caused by an Act of God, as defined by CERCLA Section 101(1), 42 U.S.C. § 9601(1), in combination with the acts of a third party or parties. To the extent this caused releases or threatened releases of hazardous substances or hazardous wastes at or from the Site, Defendants are not liable for any resulting response costs or damages by reason of the provisions of CERCLA Section 107(b)(1), (3) and (4), 42 U.S.C. § 9607(b)(1), (3) and (4).

## TWENTIETH DEFENSE

### (Inconsistency with National Contingency Plan)

21. Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), authorizes recovery only for response costs incurred which are "necessary" and "consistent with the national contingency plan." A part or all of the response costs allegedly incurred and to be incurred by Plaintiffs are not necessary costs of response or are not consistent with the National Contingency Plan. As such, Plaintiffs are not entitled to recovery for such activities and costs.

## TWENTY-FIRST DEFENSE

### (No Joint and Several Liability)

22. Joint and several liability should not be imposed on Defendants because joint and several liability is not mandatory and it would be inequitable to impose joint and several liability on Defendants as innocent landowners (MC) and innocent parties (DUNIVAN) Further, among other reasons, Defendants had no involvement in any generation, transportation, treatment, storage or disposal of hazardous substances or solid or hazardous wastes at the Landfill.

## TWENTY-SECOND DEFENSE

### (No Basis for Attorneys' Fees Under CERCLA)

23. Plaintiffs may not recover all or a portion of its claimed attorneys' fees under CERCLA.

37279_2.wpd

15

### TWENTY-THIRD DEFENSE

### (Unclean Hands)

24. Plaintiffs' claims are barred by the doctrine of unclean hands.

### TWENTY-FOURTH DEFENSE

### (No Contribution)

25. Defendants allege that Plaintiffs cannot prove any facts showing that the conduct of Defendants contributed to the handling, storage, treatment, transportation or disposal of solid or hazardous wastes or hazardous substances as alleged in the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset)

26. Plaintiffs' recovery, if any, against Defendants must be offset by any amount that Plaintiffs must pay as responsible parties.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Petroleum Exclusion)

27. The Complaint, insofar as the "hazardous substances" allegedly released or that threaten to be released at the Property are petroleum products, fails to state a claim upon which relief may be granted under CERCLA. Petroleum, including crude oil or any fraction thereof that is not otherwise specifically listed or designated as a hazardous substance under subparagraphs (A) through (F) of 42 U.S.C. § 9601(14), is not a "hazardous substance" within the meaning of CERCLA, 42 U.S.C. § 9601 et seq.

### TWENTY-SEVENTH DEFENSE

### (Natural Gas Exclusion)

28. The Complaint, insofar as the "hazardous substances" allegedly released or that threaten to be released at the Site are natural gas products, fails to state a claim upon which relief may be granted under CERCLA. Natural gas products, including gas, natural gas liquids, liquified natural gas and synthetic gas usable for fuel (or mixtures of natural gas and such and synthetic gas), are not a "hazardous substance" within the meaning of CERCLA, 42 U.S.C. § 9601 et seq.

37279_2.wpd

ANSWER OF DEFENDANTS MAYHEW CENTER, LLC, AND DEAN DUNIVAN TO PLAINTIFFS' COMPLAINT
CASE NO. C-07-5664

## TWENTY-EIGHTH DEFENSE

### (No Joint and Several Liability)

29. Defendants are not jointly and severally liable for any damage alleged in the Complaint because any effect of any act or omission of Defendants or any of them is divisible and distinct from any compensable damage incurred by Plaintiffs.

## TWENTY-NINTH DEFENSE

### (No Joint and Several Liability)

30. Defendants are not jointly and severally liable for any damage alleged in the Complaint. Joint and several liability is not available under CERCLA.

## THIRTIETH DEFENSE

### (Violation of Regulatory Standards)

31. Plaintiffs' claims are barred to the extent their costs, if any, were incurred as the result of its violation of regulatory standards or failure to cooperate with public officials.

## THIRTY-FIRST DEFENSE

### (No Response Costs)

32. The costs claims by Plaintiffs do not constitute response costs within the meaning of CERCLA, 42 U.S.C. § 9607(a).

## THIRTY-SECOND DEFENSE

### (Remedial Actions Not Cost Effective)

33. Plaintiffs are not entitled to a recovery of remedial costs from Defendants because Plaintiffs' alleged remedial actions were not and are not "cost-effective" pursuant to CERCLA, 42 U.S.C. § 9621.

## THIRTY-THIRD DEFENSE

### (Imputation of Fault to Plaintiffs)

34. Any release or threat of release of any hazardous substance, any imminent and substantial endangerment relating to any hazardous waste, and any other damage alleged in the Complaint were caused by the acts, omissions or fault of persons or entities other than Defendants whose acts, omissions or fault are imputed to Plaintiffs by reason of the relationship

37279_2.wpd

of said persons or entities to Plaintiffs.

## THIRTY-FOURTH DEFENSE

### (Other Defendants and Third Parties)

35. Whatever damage, injury, loss, or expense may be, or may have been, incurred by Plaintiffs under the circumstances and events alleged in the Complaint was solely, directly, and proximately caused, or alternatively, contributed to, by the misconduct, negligence, or wrongful conduct of Defendants other than Defendants and by third parties whose identities are not now known by Defendants. Therefore, Defendants request that in the event Plaintiffs recover against Defendants whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties. Defendants further request a judgment and declaration of indemnification and contribution against all those parties against all those parties or persons in accordance with the apportionment of fault.

## THIRTY-FIFTH DEFENSE

### (Due Care)

36. Defendants exercised due care with respect to all matters alleged in the Complaint.

## THIRTY-SIXTH DEFENSE

### (Speculative Damages)

37. Plaintiffs' damages, if any, are speculative and may not be recovered.

## THIRTY-SEVENTH DEFENSE

### (Preemption)

38. Plaintiffs' state law claims are preempted by federal law.

## THIRTY-EIGHTH DEFENSE

### (CERCLA § 113 Contribution Claims Barred Under Aviall)

39. Upon information and belief, Plaintiffs have not been sued under CERCLA sections 106 or 107. Defendants allege that under Cooper Industries, Inc. v. Aviall Services, Inc., 125 S. Ct. 577 (2004), Plaintiffs are barred from seeking contribution from Defendants under CERCLA section 113.

### THIRTY-NINTH DEFENSE

### (Additional Defenses)

40. Defendants reserve the right to offer additional defenses which cannot now be articulated due to Plaintiffs' failure to particularize their claims or to Defendants' lack of knowledge of the circumstances surrounding Plaintiffs' claims. Upon further particularization of the claims by Plaintiffs or upon discovery of further information concerning Plaintiffs' claims, Defendants reserve the right to assert additional defenses.

### FORTIETH DEFENSE

### (Incorporation of Cross-Claim)

41. Defendants refer to and incorporate herein each and every allegation contained in the Cross-Claim served and filed herewith.

### DEMAND FOR JURY TRIAL

42. Defendants hereby demand a jury trial.

### PRAYER FOR RELIEF

WHEREFORE Defendants pray as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. That the Complaint be dismissed in its entirety;
3. That Defendants be awarded their costs, expert consultant and witness fees, and reasonable attorneys' fees;
4. For a declaration declaring that Defendants are not liable to Plaintiffs in any amount; and
5. For such other and further relief as the Court deems just and proper.

Dated: December 27, 2007           BASSI, MARTINI, EDLIN & BLUM LLP

By: _____
JONATHAN ERIC MEISLIN
Attorneys for DEFENDANT
MAYHEW CENTER, LLC

37279_2.wpd

Re: <u>**Walnut Creek Manor, LLC v. MAYHEW CENTER, LLC, a California limited liability company; Dean Dunivan, an individual; Etch-Tek, Inc., a former California corporation, Etch-Tek Electronics Corporation, a suspended California corporation, and DOES 1-50, inclusive**</u>
United States District Court, Northern District, Case No. C 07 5664

## PROOF OF SERVICE - CCP § 1013(a)(3)

STATE OF CALIFORNIA/COUNTY OF San Francisco

    I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, MARTINI, EDLIN & BLUM LLP, 351 California Street, Suite 200, San Francisco, California 94104.

    On the date set forth below, I served the within:

    **ANSWER OF DEFENDANTS MAYHEW CENTER, LLC, AND DEAN DUNIVAN TO PLAINTIFFS' COMPLAINT - DEMAND FOR JURY TRIAL**

on the following parties:

    Brian A. Kelly, Esq.
    Andrew T. Lloyd, Esq.
    Duane Morris, LLP
    One Market, Spear Tower, Suite 2000
    San Francisco, CA   94105-1104

___   **BY PERSONAL SERVICE:** I caused a copy of said documents to be hand delivered to the interested party at the address set forth above.

**XX**   **BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

___   **BY FEDERAL EXPRESS:** I caused such envelope to be deposited in the appropriate Federal Express envelope, to the Federal Express office located at 120 Bush Street, San Francisco, California 94104, to be delivered by the next business day. I am readily familiar with the firm's practice for collection and processing of correspondence for transmittal by Federal Express. It is deposited with Federal Express on that same day in the ordinary course of business.

___   **BY FACSIMILE:** I caused said documents to be sent via facsimile to the interested party at the facsimile number set forth below.

    I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on December 27, 2007, at San Francisco, California.

*/s/ Rose Warren*
_____
ROSE WARREN