1  FRED M. BLUM, ESQ. (SBN 101586)
   JONATHAN E. MEISLIN, ESQ. (SBN 243523)
2  **BASSI, MARTINI, EDLIN & BLUM LLP**
   351 California Street, Suite 200
3  San Francisco, CA 94104
   Telephone:    (415) 397-9006
4  Facsimile:    (415) 397-1339

5

   Attorneys for DEFENDANT
6  **MAYHEW CENTER, LLC**

7

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11

12  WALNUT CREEK MANOR, LLC,                    )   **CASE NO.    C 07 5664**
                                                )
13              Plaintiffs,                     )   **Cross-Claim For:**
                                                )
14      vs.                                     )   **1. RECOVERY COSTS PURSUANT**
                                                )   **   TO CERCLA,**
15  MAYHEW CENTER, LLC, a California            )
    limited liability company; Dean Dunivan, an )   **2. CONTRIBUTION UNDER**
16  individual; Etch-Tek, Inc., a former California )  **   CERCLA,**
    corporation, Etch-Tek Electronics Corporation, )
17  a suspended California corporation, and DOES )   **3. FEDERAL DECLARATORY**
    1-50, inclusive,                            )   **   RELIEF,**
18                                              )
                Defendants.                     )   **4. PUBLIC NUISANCE,**
19  _____   )
                                                )   **5. PRIVATE NUISANCE,**
20  _                                           )
    MAYHEW CENTER, LLC, a California            )   **6. NEGLIGENCE,**
21  limited liability company; Dean Dunivan, an )
    individual,                                 )   **7. WASTE,**
22                                              )
                Cross-Claimant                  )   **8. INDEMNITY PURSUANT TO**
23                                              )   **   HAZARDOUS SUBSTANCES**
        vs.                                     )   **ACT,**
24                                              )
    WALNUT CREEK MANOR, a Delaware              )   **9. INDEMNITY PURSUANT TO**
25  Limited Liability Corporation,              )   **   PORTER-COLOGNE ACT,**
                                                )
26              Cross-Defendant                 )   **10. EQUITABLE INDEMNITY,**
                                                )
27  _____       **11. ATTORNEY FEES**

28

38115 wpd
                                            1
                                       Cross-Complaint

## NATURE OF CROSS-CLAIM

Cross-Claimant <u>MAYHEW CENTER, LLC</u>, a California limited liability company ("MC"), and <u>DEAN DUNIVAN</u>, an individual ("DUNIVAN") (collectively "Cross-Claimants"), hereby file the below claims against <u>WALNUT CREEK MANOR, LLC</u> ("WCM") filed in the above-entitled Court, as follows:

### I.

## NATURE OF CROSS-CLAIM

1.    Cross-Claimants are the owners of real property located at 3301, 3313 and 3333 Vincent Road in Pleasant Hill, California ("the Site"). The gravamen of the instant claim is that the Site has become contaminated with hazardous substances as a result of the conduct of WCM at their property which is immediately adjacent to the Site and located at 81 Mayhew Way in Walnut Creek, California ("the WCM Site"). In bringing this action for relief, Cross-Claimant seek relief against WCM, including damages, restitution and reimbursement of costs expended to investigate, characterize and remedy the contamination at the Site. Finally, Cross-Claimant seeks damages for diminution in value of the Site caused by Defendants' activities.

### I1.

## LEGAL ALLEGATIONS
## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of Cross-Claimant First, Second, Third, and Fourth Causes of Action, and all other controversies arising herein under Chapter 103 of Title 42 of the United States Code, pursuant to Section 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act of 1986, ("CERCLA"), 42 U.S.C. Sections 9601-9657, § 9613(b), and pursuant to 28 U.S.C. § 1331 as involving questions arising under federal law. This Court also has subject matter jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

3.    This Court has subject-matter jurisdiction over the claims brought under state law by virtue of the supplemental jurisdiction provided in 28 U.S.C. § 1367 and under the doctrine of supplemental jurisdiction set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966). The

38115 wpd

1 | claims under state law arise from the same common nucleus of operative facts as the claims under

2 | federal law. The state law and federal law claims are so intertwined that it is appropriate for this

3 | Court to exercise its jurisdiction over the state law claims set forth herein.

4 |       4.      Since the Site at issue in this case is located in the City of Pleasant Hill, State of

5 | California, within this Court's district, and since the alleged conduct has occurred there and the

6 | release and disposal of hazardous substances into the environment and related wrongful acts

7 | complained of herein took place there, venue is appropriate in this Court pursuant to CERCLA

8 | § 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b).

9 | **III.**

10 | **DEFINITIONS**

11 |       5.      **Disposal:** As used in this Cross-Claim, the term "Disposal" shall have the meaning

12 | set forth in RCRA § 1004(3), 42 U.S.C. § 6903(3):

13 |                [t]he discharge, deposit, injection, dumping, spilling, leaking, or
placing of any solid waste or hazardous waste into or on any land or

14 | water so that such solid waste or hazardous waste or any constituent
thereof may enter the environment or be emitted into the air or

15 | discharged into any waters, including ground waters.

16 |       6.      **Environment:** As used in this Cross-Claim, the term "Environment" shall have

17 | the meaning set forth in CERCLA § 101(8), 42 U.S.C. § 9601(8):

18 |                (A) the navigable waters, the waters of the contiguous zone, and the
ocean waters for which the natural resources are under the exclusive

19 | management authority of the United States . . . and (B) any other
surface water, ground water, drinking water supply, land surface or

20 | subsurface strata, or ambient air within the United States or under the
jurisdiction of the United States.

21 |       7.      **Facility:** As used in this Cross-Claim, the term "Facility" shall have the meaning

22 | set forth in CERCLA § 101(9), 42 U.S.C. § 9601(9):

23 |

24 |                (A) any building, structure, installation, equipment, pipe or pipeline
(including any pipe into a sewer or publicly owned treatment works)

25 | well, pit, pond, lagoon, impoundment, ditch, landfill, storage
container, motor vehicle, rolling stock or aircraft or (B) any site or
area where a hazardous substance has been deposited, stored,

26 | disposed of, or placed, or otherwise come to be located.

27 | ///

28 | ///

1    8.    **National Contingency Plan:** As used in this Cross-Claim, the term "National

2 Contingency Plan" ("NCP") means the National Oil and Hazardous Substance Pollution

3 Contingency Plan as set forth in 40 C.F.R. Part 300; the Congressionally-mandated plan developed

4 by the EPA that delineates the required procedures for investigating, analyzing remedial

5 alternatives, responding to, and abating the adverse effects of Releases of hazardous substances

6 into the Environment.

7    9.    **Release:** As used in this Cross-Claim, the term "Release" shall have the meaning

8 set forth in CERCLA § 101(22), 42 U.S.C. § 9601(22):

9         [a]ny spill, leaking, pumping, pouring, emitting, emptying,
          discharging, injecting, escaping, leaching, dumping or disposing into
10        the environment (including the abandonment or discharging of
          barrels, containers, and other closed receptacles containing any
11        hazardous substance or pollutant or contaminant).

12    10.    **Response Costs:** As used in this Cross-Claim, the term "Response Costs" means

13 the costs of "removal" and "remedial actions" of hazardous substances, as those terms are defined

14 in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and (24), and all other costs to respond to

15 Releases of hazardous substances, as defined in CERCLA § 101(25), 42 U.S.C. § 9601(25). Such

16 costs include, but are not limited to, costs incurred to monitor, assess and evaluate the hazardous

17 substance Release, as well as costs of removal and Disposal of the hazardous substance. Such

18 costs also include those incurred in actions to remedy permanently the hazardous substance

19 Release, including, but not limited to (1) the storage, confinement, cleanup of hazardous

20 substances, (2) the recycling or reuse, diversion, destruction or segregation of reactive wastes, (3)

21 the dredging or excavation, repair or replacement of leaking containers, and (4) any other such

22 action necessary to protect public health, welfare, and the Environment. The term "Response Cost"

23 also means any costs and attorneys' fees incurred in enforcing either removal or remedial actions or

24 CERCLA's scheme for liability, compensation and cost-recovery, set forth in CERCLA § 101(25),

25 42 U.S.C. § 9601(25).

26    11.    **Hazardous Substance:** As used in this Cross-Claim, the term "Hazardous

27 Substance shall have the meaning set forth in CERCLA § 9601 (14):

28 ///

38115 wpd

1    The term "hazardous substance" means (A) any substance designated
     pursuant to section 1321(b)(2)(A) of Title 33, (B) any element,
2    compound, mixture, solution, or substance designated pursuant to
     section 9602 of this title, (C) any hazardous waste having the
3    characteristics identified under or listed pursuant to section 3001 of
     the Solid Waste Disposal Act [42 U.S.C.A. § 6921] (but not
4    including any waste the regulation of which under the solid Waste
     Disposal Act [6901 et seq.] has been suspended by Act of Congress),
5    (D) any toxic pollutant listed under section 1317(a) of Title 33, (E)
     any hazardous air pollutant listed under section 112 of the Clean Air
6    Act [42 U.S.C.A. § 7412], and (F) any imminently hazardous
     chemical substance or mixture with respect to which the
7    Administrator has taken action pursuant to section 2606 of Title 15.

8                                    **IV.**

9                              **THE PARTIES**

10       12.    Cross-Claimant MC is a limited liability corporation organized and existing under

11   and by virtue of the laws of the State of California and is the owner of the Site.  Cross-Claimant

12   DUNIVAN is an individual residing in the State of California.

13       13.    Cross Defendant WCM is a limited liability corporation organized and existing

14   under and by virtue of the laws of the State of Delaware and is the owner of the WCM Site.

15       14.    Each and every Cross-Defendant is the agent, servant, and/or employee of the

16   remaining Cross-Defendants and in doing the things herein alleged was acting in the coarse and

17   scope of the agency and/or employment.

18                                    **V.**

19                          **FACTUAL BACKGROUND**

20       15.    Cross-Claimant is informed and believes and based thereon alleges that WCM as a

21   part of their operation of an apartment complex owned and operated vehicle and other repair

22   facilities at the WCM Site.  In the process of the operation of said repair facilities, hazardous

23   substances, including those generally known as chlorinated hydrocarbons such as PCE, were used.

24       16.    Cross-Claimant is informed and believes and based thereon alleges that as a result

25   of the use of hazardous substances at the WCM Site, the hazardous substances were released into

26   the environment and discharged into the soil and groundwater.

27       17.    As a result of the discharges of hazardous substances at the WCM Site, hazardous

28   substances have migrated from the WCM Site into the soil and groundwater at the Site.  Cross-

38115 wpd

1  Claimant has been forced to expend sums of money related to the discharge of hazardous

2  substances from the WCM Site, including sums for the investigation and possible remediation of

3  the hazardous substances and to determine the source of the hazardous substances.

4       18.    At no time did any activities at the Site cause or contribute to the presence of the

5  hazardous substances at the Site and Cross-Claimant is informed and believes and based thereon

6  alleges that the cause of the presence of the hazardous substances is the conduct at the WCM Site.

7  **VI.**

8  **FIRST CLAIM FOR RELIEF**

9  **(Recovery of Response Costs Pursuant to CERCLA §§ 107(a)(1-4)(B)**
   **- Against All Defendants)**

10

11       19.    Cross-Claimants refers to and realleges paragraphs 1 through 18 of this Cross-

12  Complaint and incorporates them herein by this reference.

13       20.    Cross-Claimants, which is a "Person" as defined in CERCLA § 101(21), 42 U.S.C.

14  § 9601(21), has been and currently remains engaged in conducting studies and other activities

15  designed to develop an appropriate response plan for removal and/or remedial action with regard to

16  the Hazardous Substances at the Site.  Cross-Claimants has incurred, and will continue to incur,

17  substantial Response Costs in developing and implementing the appropriate response actions under

18  the supervision of the Regional Water Quality Control Board ("the Board"), other appropriate

19  governmental agency, or as approved by this Court.  To date, Cross-Claimants has incurred

20  Response Costs to conduct testing, sampling of  groundwater monitoring wells, and to have all

21  samples analyzed, and to define the aquifers' configuration and contamination, all of which is

22  designed to provide adequate information for a feasibility study of remedial alternatives from

23  which an appropriate remedial action may be selected.  All such Response Costs incurred and that

24  will be incurred have been and will continue to be necessary and consistent with the NCP.

25       21.    The WCM Site was, and is, a Facility.

26       22.    Each Cross-Defendant did, over extended periods of time, own, possess, generate,

27  handle, transport and Dispose of, and arrange for Disposal of those Hazardous Substances in such

28  other manner so as to cause Hazardous Substances to be Released or threatened to Release into the

Environment.

38115.wpd

1    23.    The Release and/or threatened Release of Hazardous Substances from the Cross-

2    Defendants have caused and continue to cause Cross-Claimants to incur Response Costs.

3    24.    Pursuant to 42 U.S.C. § 9607(a), the Cross-Defendants, and each of them, are liable

4    to Cross-Claimants for all necessary Response Costs incurred by Cross-Claimants in responding to

5    the Release or threatened Release of Hazardous Substances.

6

7                    **SECOND CLAIM FOR RELIEF**
8        **(Contribution pursuant to CERCLA § 113(f) - Against All Cross-Defendants)**

9    25.    Cross-Claimants refers to and realleges paragraphs 1 through 24 of this Cross-Claim

10    and incorporates them herein by reference.

11    26.    As compared to the Cross-Defendants, who actively disposed of Hazardous

12    Substances at the WCM Site, Cross-Claimants is blameless.  Cross-Claimants's sole liability stems

13    from the fact that it is the owner of the premises at which the Cross-Defendants conducted their

14    waste disposal activities.

15    27.    To the extent any party has incurred recoverable Response Costs pursuant to

16    CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some or all of those costs against

17    Cross-Claimants pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution

18    claim against Cross-Claimants for such costs incurred by another party pursuant to CERCLA

19    § 113(f)(1), 42 U.S.C. § 9613(f)(1), Cross-Claimants is entitled to one hundred percent (100%)

20    contribution, or contribution in such other percentage as this Court deems appropriate, pursuant to

21    CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), collectively from all Cross-Defendants.

22

23                    **THIRD CLAIM FOR RELIEF**
24        **(Declaratory Relief under Federal Law - Against All Cross-Defendants)**

25    28    Cross-Claimants refers to and realleges paragraphs 1 through 27 of this Cross-Claim

26    and incorporates them herein by reference.

27    29.    A dispute has arisen and an actual controversy exists between Cross-Claimants and

28    Cross-Defendants in that Cross-Claimants claims that Cross-Defendants, and each of them, jointly

38115 wpd

1 and severally, are obligated to indemnify Cross-Claimants against, and reimburse Cross-Claimants

2 for, all necessary Response Costs and any other costs and attorneys fees heretofore or hereafter

3 incurred by Cross-Claimants in responding to the Release or threatened Release of Hazardous

4 Waste, Solid Waste and/or Hazardous Substances or taking any other removal or remedial action

5 as a result of Cross-Defendants' acts and conduct complained of herein.  Cross-Defendants deny

6 such obligation.

7      30.     Substantial costs will be incurred by Cross-Claimants over time and after

8 conclusion of this action.  Unless declaratory relief is granted, it will be necessary for Cross-

9 Claimants to commence many successive actions against Cross-Defendants, and each of them, to

10 secure compensation for the costs incurred and damages sustained, thus requiring a multiplicity of

11 suits.

12      31.     Cross-Claimants is entitled to and hereby seeks a declaratory judgment, pursuant to

13 CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), of Cross-Defendants' liability to Cross-Claimants

14 for all Response Costs incurred or to be incurred by Cross-Claimants in implementing the remedial

15 action plan approved by this Court for responding to the Releases and threatened Releases of

16 wastes and adverse environmental consequences at issue herein.

17      32.     Cross-Claimants is entitled to, and hereby seeks, a judicial determination pursuant

18 to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Cross-Claimants's right to

19 reimbursement from and indemnification by Cross-Defendants, and each of them, for all costs,

20 jointly and severally, which Cross-Claimants may incur resulting from Cross-Defendants' Release

21 of wastes into the Environment.

22 **<u>FOURTH CLAIM FOR RELIEF</u>**
**(Public Nuisance - Against All Cross-Defendants)**

23

24      33.     Cross-Claimants incorporates by reference Paragraphs 1 through 32 above, as

25 though fully set forth herein.

26      34.     By disposing of and causing to be placed wastes in a manner which allowed them to

27 be Released or threatened to Release into the Environment, the Cross-Defendants are liable for

28 causing, creating, maintaining or contributing to a public nuisance, as defined in California Civil

38115 wpd

1  Code §§ 3479 and 3480, at the Site and the WCM Site in that the wastes have created a condition

2  which is injurious to health, or is indecent or offensive to the senses, or is an obstruction to the free

3  use of property and which interferes with Cross-Claimant's comfortable enjoyment of the Site.

4      35.    The Cross-Defendants caused or contributed to this public nuisance in the course of

5  their profit making activity, and benefitted momentarily from the inexpensive but environmentally

6  irresponsible methods of disposing of their wastes to the detriment of the public, whose health and

7  natural resources have been, and continue to be, adversely affected.

8      36.    The condition of public nuisance at the Site affects the entire community in that the

9  wastes have contaminated the groundwater, which is the property of the people of the State of

10 California and the waste in the tanks threatens to release further to create an environmental

11 catastrophe.  The wastes have migrated, and are continuing to migrate, into the environment,

12 continuing to damage the public natural resources of the State of California and thereby depriving

13 the public of the right to have and numbers of people of the right to the free and full beneficial uses

14 of uncontaminated groundwater and threaten their future safety.

15     37.    At the same time, the nuisance causes special injury to Cross-Claimants in that

16 Cross-Claimant's property is uniquely effected by the operations at the WCM Site and that Cross-

17 Claimant is required under federal and state law to participate in the investigation and remediation

18 of hazardous substances which they did not cause to be released into the environment.  As a result,

19 Cross-Claimants has incurred, and will continue to incur, Response Costs and other costs arising

20 from the contamination.  In addition, because of the condition of nuisance created and contributed

21 to by Cross-Defendants, the resources of Cross-Claimants have been diverted, and Cross-

22 Claimants has suffered diminution in the value of the Site, lost profits, lost rents and lost

23 opportunity in that potential uses of the Site cannot be developed until the contamination is

24 remedied.  Furthermore, Cross-Claimants has incurred substantial legal and technical fees and

25 costs to assess responsibility for and respond to the condition of nuisance Cross-Claimants

26 contributed to and created.

27     38.    Cross-Defendants are strictly and jointly and severally liable for abatement of the

28 endangerment to the Environment and resulting interference with the public's free use and

38115 wpd

Cross-Complaint

1  enjoyment of public resources including groundwater.

2      39.    Cross-Claimants has given notice to Cross-Defendants and each of them, of the

3  obstruction and endangerment caused by the public nuisance, and requested its abatement, but

4  Cross-Defendants, and each of them, have failed and refused, and continue to fail and refuse, to

5  properly and timely abate the nuisance or to compensate Cross-Claimants for damages suffered.

6

7                          **FIFTH CLAIM FOR RELIEF**
                   **(Private Nuisance - Against All Cross-Defendants)**

8

9      40.    Cross-Claimants incorporates by reference Paragraphs 1 through 39 above, as

10  though fully set forth herein.

11      41.    During the time the Cross-Defendants operated the WCM Site and Cross-

12  Defendants Disposed of wastes therein, Cross-Defendants used and/or maintained said premises in

13  such a manner that allowed wastes to be accumulated at the WCM Site and into Cross-Claimants's

14  surface and sub-surface soils, and the waters of the State of California.

15      42.    The aforementioned operation and Disposal by Cross-Defendants constitutes a

16  nuisance within the meaning of California Civil Code § 3479 in that the wastes Disposed of at the

17  Site have created a condition which is injurious to health, or is indecent or offensive to the senses,

18  or an obstruction to the free use of property and interferes with Cross-Claimants's comfortable

19  enjoyment of the Site.

20      43.    Cross-Claimants, as the current record title owner of the Site, has been injured as a

21  result of Cross-Defendants' Release, discharge and/or Disposal of wastes.

22      44.    Cross-Defendants are strictly and jointly and severally liable for abatement of the

23  single indivisible endangerment to the Environment and resulting interference with Cross-

24  Claimants's free use and enjoyment of property constituting the private nuisance in that Cross-

25  Claimants has had to conduct environmental engineering, investigation, monitoring and response

26  activities to respond to and remediate the contamination at and emanating from the Site.

27      45.    Cross-Claimants has given notice to the Cross-Defendants of the damage caused by

28  the nuisance and requested their abatement, but Cross-Defendants have failed and refused, and

1 | continue to fail and refuse, to timely and properly abate the nuisance or to compensate Cross-

2 | Claimants for damages suffered.

3 |     46.    As a proximate result of the nuisance created by the Cross-Defendants, Cross-

4 | Claimants has been and will be damaged by incurring response costs and other costs to respond to

5 | the release of wastes from the Site as well as a loss of value of the Site.

6 |     47.    As a further proximate result of the nuisance, Cross-Claimants has been deprived of

7 | the full use and enjoyment of the Site and has suffered and will continue to suffer damages by

8 | reason of diminution in the value of the Site, lost profits, lost rents and economic loss, and

9 | damages associated with the stigma to the Site caused by its contaminated condition.  In addition,

10 | Cross-Claimants has incurred, and will continue to incur, substantial amounts in administrative,

11 | legal and technical fees to assess responsibility for and respond to the contamination at and

12 | emanating from the Site.  The amount of said damages shall be in accordance with proof at trial.

13 |

14 | **SIXTH CLAIM FOR RELIEF**
**(Negligence - Against Cross-Defendants)**

15 |

16 |     48.    Cross-Claimants refers to and realleges paragraphs 1 through 47 of this Complaint

17 | and incorporates them herein by reference.

18 |     49    The Cross-Defendants, and each of them, had a duty of care not to dispose of their

19 | wastes in a negligent manner so as to damage Cross-Claimants.

20 |     50.    At the times and places alleged herein, the Cross-Defendants, and each of them,

21 | negligently Disposed of wastes, or allowed such Disposal, so as to cause the contamination of the

22 | Site and the Environment, including the surface and sub-surface soils at and groundwater beneath

23 | and adjacent to the Site.  This harm was reasonably foreseeable to the Cross-Defendants.

24 |     51.    As a proximate result of Cross-Defendants' negligence, Cross-Claimants has

25 | suffered diminution in the value at and underlying the Site and adjacent areas, lost rents and profits

26 | and economic loss, diminution of value, and damages associated with the stigma to the Site caused

27 | by its contaminated condition, according to proof at trial.

28 | ///

38115 wpd

52.    As a further direct and proximate result of Cross-Defendants' negligence, Cross-Claimants has incurred and will incur in the future substantial necessary Response Costs and other costs for investigating, monitoring, engineering, and cleaning up of the above-described contamination to comply with applicable federal, state and local laws, all of which sums are necessary for the monitoring, cleaning up, and restoring of existing property.  Such costs also include, but are not limited to, attorneys' fees incurred in responding to government agencies and accomplishing the required response actions.

53.    As a further direct and proximate result of Cross-Defendants' negligence, Cross-Claimants has incurred and will continue to incur expenditures of attorneys' fees and costs of suit in order to recover from Cross-Defendants the costs of testing, investigating, sampling, cleaning up, and disposing of the wastes at and emanating from the Site.

## SEVENTH CLAIM FOR RELIEF
### (Waste - Against Cross-Defendants)

54.    Cross-Claimants refers to and realleges paragraphs 1 through 53 of this Cross-Claim and incorporates them herein by reference.

55.    At a time or times unknown to Cross-Claimants, Cross-Defendants have caused injury to the Site by committing and allowing to be committed waste thereon by knowingly and intentionally causing the Disposal of wastes in a manner which allowed them to accumulate at and Release to the Environment so as to contaminate the soil and groundwater on the Site.

56.    As a direct and proximate result of the waste created by Cross-Defendants, Cross-Claimants has experienced a diminution in the value of its property, and has been required to and has expended substantial sums of money as Response Costs and other costs in order to study, monitor, remove, remediate, and cleanup contamination on its property and the property of others, and otherwise incurred expenses in order to bring the property into compliance with state, federal, and local law, in an amount according to proof at trial.

57.    As a further direct and proximate result of the waste created by Cross-Defendants, Cross-Claimants has lost rental income from the Site and suffered other economic loss as a result

1  of the contamination and the stigma attached to it, in an amount according to proof at trial.

2      58.    As a further direct and proximate result of the waste created by Cross-Defendants,

3  Cross-Claimants has been required to and has retained legal services to assist it and protect its

4  property and other legal interests.  Cross-Claimants seeks an award of attorneys' fees herein in an

5  amount according to proof at trial.

6      59.    Cross-Claimants is therefore entitled to recover treble damages from Cross-

7  Defendants pursuant to California Code of Civil Procedure § 732.

8

9                    **EIGHTH CLAIM FOR RELIEF**
                **(Hazardous Substance Statutory Indemnity - Against Cross-Defendants)**

10

11     60.    Cross-Claimants refers to and realleges paragraphs 1 through 59 of this Cross-Claim

12  and incorporates them herein by reference.

13     61.    The Carpenter-Presley-Tanner Hazardous Substance Control Account Act,

14  California Health and Safety Code §§ 25300 - 25395 (the "Hazardous Substance Act") was enacted

15  to encourage expedient cleanup of contaminated properties.  To provide such encouragement, the

16  legislature included the statutory right of indemnification for those parties who cleanup the

17  properties from those parties who are responsible for the contamination.  Responsible parties

18  include operators of Facilities at the time the hazardous substance was discharged into the

19  Environment.

20     62.    Each Cross-Defendant was an operator of its business.

21     63.    Cross-Claimants is informed and believes, and thereon alleges, that transportation,

22  discharge and disposal of Hazardous Substances to the Site and into the Environment occurred

23  during the course of Cross-Defendants business activity.

24     64.    Cross-Claimants is informed and believes that discharge of Hazardous Substances

25  into the Environment occurred during Cross-Defendants operation of its business.

26     65.    Each Cross-Defendant is statutorily liable for all costs incurred to investigate and

27  remediate contamination pursuant to the Hazardous Substance Act.

28

38115 wpd

1     66.     Cross-Claimants has expended, and will continue to expend, funds for the necessary

2 removal and remedial activities under the Hazardous Substance Act.

3     67.     Cross-Claimants is entitled to indemnification, in whole or in part, based upon

4 Health and Safety Code § 25363.

5

6                         **NINTH CLAIM FOR RELIEF**

7       **(Porter-Cologne Implied Statutory Contribution - Against Cross-Defendants)**

8

9     68.     Cross-Claimants refers to and realleges paragraphs 1 through 67 of this Cross-Claim

10 and incorporates them herein by reference.

11     69.     The Porter-Cologne Act was enacted in part to encourage expedient cleanup of

12 contaminated groundwater. To accomplish this, regional boards are allowed to order cleanups to

13 be performed by any of the parties statutorily liable for the contamination or to cleanup the

14 property itself and recover from other liable parties. California Water Code § 13304. The scheme

15 is one of joint and several liability. If one party is singled out by a regional board the statute

16 contemplates that party can seek contribution from other liable parties to the extent of their

17 culpability. Case law contemplates landowners will only be secondarily liable to tenants who

18 actually cause or contribute to the discharge. In re Prudential Insurance Company, SWRCB Order

19 No. WQ 87-6 p.3 (June 18, 1987).

20     70.     The Cross-Defendants are "persons" as defined in California Water Code §§ 19 and

21 13050(c).

22     71.     The wastes Disposed of by Cross-Defendants constitutes "waste" as defined in

23 California Water Code §§ 19 and 13050(d).

24     72.     By disposing of waste at the Site and the WCM Site, Cross-Defendants have caused

25 or permitted or threatened to cause or permit waste to be discharged or deposited where it is, has

26 been, or probably will be discharged into the waters of the State and create or threaten to create a

27 condition of nuisance.

28 ///

38115.wpd

1    73.    The discharge of waste into the groundwater creates a condition of nuisance at the

2  WCM Site and the Site because Wastes are indecent or offensive to the senses or are an obstruction

3  to the free use of private property and natural resources because they threaten the integrity and

4  quality of the groundwater at, underlying and adjacent to the Site, so as to interfere with the

5  comfortable enjoyment of property.

6    74.    The discharge of wastes affects the entire community because groundwater

7  resources are publicly owned and held in trust by the State and its political subdivisions for the use

8  and benefit of present and future generations of the People.

9    75.    Cross-Claimants has incurred, and continues to incur, costs in cleaning up such

10  waste and taking other remedial action in response to the discharge of waste into the groundwater

11  at, underlying and adjacent to the Site.

12    76.    Cross-Claimants is entitled to recover one hundred percent (100%) of its costs in

13  cleaning up the waste and taking other remedial action on the basis of contribution, pursuant to

14  California Code Procedure § 882, and comparative equitable indemnity, against Cross-Defendants.

15  If this Court finds Cross-Claimants is responsible for some of the costs and damages complained of

16  herein, Cross-Claimants seeks and is entitled to contribution and comparative equitable indemnity

17  against all other Cross-Cross-Defendants for such damages and costs Cross-Claimants has paid or

18  will pay in excess of its due share.

19

20    **TENTH CLAIM FOR RELIEF**
      **(Equitable Indemnity - Against Cross-Defendants)**

21

22    77.    Cross-Claimants refers to and realleges paragraphs 1 through 76 of this Cross-Claim

23  and incorporates them herein by reference.

24    78.    Cross-Claimants has been, and will continue to be, compelled by the operation of

25  applicable federal and sate laws to incur necessary Response Costs consistent with the NCP and

26  other abatement costs to investigate, study, and remove the pollutants from the surface and sub-

27  surface soils and groundwater beneath and adjacent to the Site and to take other response actions

28  necessary to protect public health and the Environment, and to enforce the liability schemes set

1    forth in CERCLA and in state and local law.

2        79.    Cross-Defendants are entirely liable for that contamination as a result of the

3    Disposal of waste at the Site and the Release of waste into the Environment. The Disposal and

4    Release of waste by Cross-Defendants was negligent, careless, wrongful, and unlawful. Cross-

5    Claimants's statutory liability as a property owner for the costs of environmental cleanup and

6    remediation is solely the result of Cross-Defendants' negligent, careless, wrongful, and unlawful

7    conduct undertaken in the course of their profit-making activities. The Cross-Defendants have

8    benefitted momentarily from their inexpensive but environmentally irresponsible methods of

9    disposing of their toxic wastes.

10        80.    Cross-Defendants are bound and obligated, jointly and severally, to indemnify and

11    hold harmless Cross-Claimants from and against any and all Response Costs and any other costs

12    heretofore or hereafter incurred by Cross-Claimants in responding to the Release of waste by

13    Cross-Defendants.

14

15    **ELEVENTH CLAIM FOR RELIEF**
    **(Comparative Equitable Indemnity Under State Law - Against Cross-Defendants)**

16

17        81.    Cross-Claimants refers to and realleges paragraphs 1 through 80 of this Cross-Claim

18    and incorporates them herein by reference.

19        82.    If Cross-Claimants is found to be jointly and severally liable to any party herein, for

20    any damages or costs at issue herein, Cross-Claimants seeks total comparative indemnity from all

21    other responsible parties.

22        83.    If this Court determines Cross-Claimants is responsible for some of the damages

23    and costs complained of herein, Cross-Claimants seeks and is entitled to comparative equitable

24    indemnity from the other Cross-Defendants for such damages and costs Cross-Claimants has paid

25    or will pay in excess of its due share.

26

27    **TWELFTH CLAIM FOR RELIEF**
    **(Declaratory Relief Under State Law - Against Cross-Defendants)**

28        84.    Cross-Claimants refers to and realleges paragraphs 1 through 82 of this Cross-Claim

1   and incorporates them herein by reference.

2       85.   A dispute has arisen and an actual controversy exists between Cross-Claimants and

3   Cross-Defendants in that Cross-Claimants claims that Cross-Defendants, jointly and severally, are

4   obligated to indemnify Cross-Claimants against, and reimburse Cross-Claimants for, all response

5   Costs and any other costs heretofore or hereafter incurred by Cross-Claimants in removing the

6   Hazardous Products or taking any other removal or remedial action as a result of Cross-

7   Defendants' conduct complained of herein, and Cross-Defendants deny such obligation.

8       86.   Substantial costs will be incurred by Cross-Claimants over time and after

9   conclusion of this action. Unless declaratory relief is granted, it will be necessary to commence

10   many successive actions against Cross-Defendants to secure compensation for damages sustained,

11   thus requiring a multiplicity of suits.

12       87.   Cross-Claimants desires a judicial determination pursuant to California Code of

13   Civil Procedure § 1060 of Cross-Claimants's right to reimbursement and indemnification by

14   Cross-Defendants for all costs heretofore or hereafter incurred by Cross-Claimants as a result of

15   Cross-Defendants' conduct complained of herein.

16              **THIRTEENTH CLAIM FOR RELIEF**
                    **(Attorneys Fees Pursuant to**

17       **California Code of Civil Procedure § 1021.5 - Against Cross-Defendants)**

18       88.   Cross-Claimants refers to and realleges paragraphs 1 through 87 of this Cross-Claim

19   and incorporates them herein by reference.

20       89.   The reimbursement of Response Costs by Cross-Defendants to Cross-Claimants of

21   its costs of responding to the Hazardous Substances that Cross-Defendants Disposed of and

22   Released into the Environment will confer a significant benefit on the general public.

23       90.   Cross-Claimants has expended and will expend considerable costs in this action in

24   order to recover for the costs of removing and radiating the Hazardous Substance Releases. Such

25   costs are and will be of public benefit.

26       91.   Recovery of Response Costs by Cross-Claimants is pursuant to CERCLA's statutory

27   scheme, as expressed in 42 U.S.C. §§ 9607(a) and 9613(f), and confers a benefit on the public by

28   ensuring that those who benefitted from and who are at fault for the Release of Hazardous

38115.wpd

1  Substances into the Environment bear the full costs of such Release, and so discourage future

2  reckless or negligent management of hazardous waste.

3       92.    It is in the interest of justice that Cross-Claimants's attorneys' fees not be paid out of

4  recovery for which Cross-Claimants prays.

5

6                          **FOURTEENTH CLAIM FOR RELIEF**
                           **(Attorneys Fees Pursuant to**
7       **California Code of Civil Procedure § 1021.6 - Against Cross-Defendants)**

8

9       93.    Cross-Claimants refers to and realleges paragraphs 1 through 92 of this Cross-Claim

10  and incorporates them herein by reference.

11       94.    The Board has directed Cross-Claimants's efforts to respond to the Hazardous

12  Substance Disposal and/or Release at the Site and the WCM Site caused by  Cross-Defendants.

13  Because of the tortuous and otherwise wrongful conduct of  Cross-Defendants, and each of them,

14  as set forth in this Cross-Claimants has been and continues to be required to act in the protection of

15  Cross-Claimants's interests.

16       95.    Cross-Claimants on several occasions, has given notice to  Cross-Defendants of the

17  contamination at the Site  and of the need to engage in removal and remedial action.  Cross-

18  Claimants has demanded that  Cross-Defendants reimburse Cross-Claimants for all costs expended

19  and to assume responsibility for all costs to be incurred in taking remedial action.   Cross-

20  Defendants have refused to assume such expenses and to avail themselves of the opportunity to

21  provide the defense for Cross-Claimant.

22       96.    Cross-Claimants is entitled to an award of its attorneys' fees incurred in defending

23  itself and otherwise responding to the environmental contamination which is addressing.

24

25                              **PRAYER FOR RELIEF**

26       WHEREFORE, Cross-Claimants prays for judgment as follows:

27       1.    For recovery from  Cross-Defendants, jointly and severally, of all Response Costs,

28  including attorneys' fees, that have been incurred by Cross-Claimants in response to the Release

38115 wpd

1    and threatened Release of Hazardous Substances at the Site and in the enforcement of CERCLA's

2    statutory liability scheme, according to proof at trial;

3         2.    For prejudgment interest pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a);

4         3.    For total contribution from all Cross-Defendants for all Response Costs and other

5    costs that have been incurred by Cross-Claimants as required by law or otherwise in response to

6    the Release and threatened Release of Hazardous Substances at the Site and/or the WCM Site and

7    in enforcement of any state, federal or local liability scheme, or in an amount this Court deems

8    appropriate;

9         4.    For a declaration that Cross-Defendants, jointly and severally, are obligated to pay

10   to Cross-Claimants all future Response Costs and any other costs incurred by Cross-Claimants

11   hereafter in response, removal or remediation efforts incurred;

12        5.    For nuisance abatement and cleanup costs from Cross-Defendants, jointly and

13   severally, in an amount equal to all Response Costs and all other costs incurred in response to the

14   nuisance condition resulting from the discharge of contaminants by Cross-Defendants, according

15   to proof at trial;

16        6.    For compensatory damages according to proof, including, but not limited to, lost

17   profits and economic loss, loss of use, diminution of fair market value of the Site, damage related

18   to the inability to resell the Site, and stigma;

19        7.    For incidental and consequential damages according to proof;

20        8.    For pre-judgment interest at the legal rate;

21        9.    For attorneys' fees; and

22        10.   For all costs of suit incurred herein.

23

24

25

26

27

28

38115.wpd

11.    For such other and further relief as this Court deems just and proper.

DATED: December 27, 2007                    Respectfully submitted,

**BASSI, MARTINI, EDLIN & BLUM LLP**

By:_____
FRED M. BLUM, ESQ.
Attorneys for Cross-Claimants
**MAYHEW CENTER, LLC and
DEAN DUNIVAN**

## DEMAND OF JURY TRIAL

Cross-Claimants demand a jury trial in the above matter.

DATED: December 27, 2007                    Respectfully submitted,

**BASSI, MARTINI, EDLIN & BLUM LLP**

By:_____
FRED BLUM, ESQ.
Attorneys for Cross-Claimants
**MAYHEW CENTER, LLC and
DEAN DUNIVAN**

38115 wpd

Re:  **Walnut Creek Manor, LLC v. MAYHEW CENTER, LLC, a California limited liability company; Dean Dunivan, an individual; Etch-Tek, Inc., a former California corporation, Etch-Tek Electronics Corporation, a suspended California corporation, and DOES 1-50, inclusive**
     **United States District Court, Northern District, Case No. C 07 5664**

### PROOF OF SERVICE - CCP § 1013(a)(3)

STATE OF CALIFORNIA/COUNTY OF San Francisco

     I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, MARTINI, EDLIN & BLUM LLP, 351 California Street, Suite 200, San Francisco, California 94104.

     On the date set forth below, I served the within:

**CROSS-CLAIM FOR: RECOVERY COSTS PURSUANT TO CERCLA; CONTRIBUTION UNDER CERCLA; FEDERAL DECLARATORY RELIEF; PUBLIC NUISANCE; PRIVATE NUISANCE; NEGLIGENCE; WASTE; INDEMNITY PURSUANT TO HAZARDOUS SUBSTANCES ACT; INDEMNITY PURSUANT TO PORTER-COLOGNE ACT; EQUITABLE INDEMNITY; ATTORNEY FEES**

on the following parties:

     Brian A. Kelly, Esq.
     Andrew T. Lloyd, Esq.
     Duane Morris, LLP
     One Market, Spear Tower, Suite 2000
     San Francisco, CA  94105-1104

\_\_\_  **BY PERSONAL SERVICE:** I caused a copy of said documents to be hand delivered to the interested party at the address set forth above.

**XX**  **BY MAIL:**    I caused such envelope to be deposited in the mail at San Francisco, California. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

\_\_\_  **BY FEDERAL EXPRESS:** I caused such envelope to be deposited in the appropriate Federal Express envelope, to the Federal Express office located at 120 Bush Street, San Francisco, California 94104, to be delivered by the next business day. I am readily familiar with the firm's practice for collection and processing of correspondence for transmittal by Federal Express. It is deposited with Federal Express on that same day in the ordinary course of business.

\_\_\_  **BY FACSIMILE:** I caused said documents to be sent via facsimile to the interested party at the facsimile number set forth below.

     I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on December 27, 2007, at San Francisco, California.

                   ROSE WARREN

38567.wpd