Brian A. Kelly (SBN 124738)
Andrew Thomas Lloyd (SBN 199367)
DUANE MORRIS LLP
One Market Street, Spear Tower, Suite 2000
San Francisco, CA 94105
Telephone: (415) 957-3000
Facsimile: (415) 957-3001

Attorneys for Plaintiff and Cross-Defendant
WALNUT CREEK MANOR LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| WALNUT CREEK MANOR, LLC<br><br>Plaintiff,<br><br>v.<br><br>MAYHEW CENTER, LLC, a California limited liability company; Dean Dunivan, an individual; Etch-Tek, Inc., a former California corporation, Etch-Tek Electronics Corporation, a suspended California corporation; and DOES 1-50, inclusive,<br><br>Defendants | CASE NO. C-07-5664<br><br>**ANSWER TO CROSS-CLAIMANTS MAYHEW CENTER, LLC AND DEAN DUNIVAN'S CROSS-COMPLAINT** |
| MAYHEW CENTER, LLC, a California limited liability company; Dean Dunivan, an individual,<br><br>Cross-Claimants<br><br>v.<br><br>WALNUT CREEK MANOR, LLC,<br><br>Cross-Defendant | |

Pursuant to Federal Rule of Civil Procedure 8(b), Cross-Defendant Walnut Creek Manor LLC ("WCM" or "Cross-Defendant") answers the allegations in Plaintiffs' Complaint as follows: The numbered paragraphs in WCM's Answer correspond to the numbered paragraphs in Plaintiffs' Cross-Complaint. References to the "Site" and "WCM Site" are as such term is used in the Cross-Complaint.

## PREFATORY STATEMENT

WCM denies that, at any time since the seniors-only residence facility opened in 1964, did WCM or any of its employees or agents dispose on site any hazardous waste or hazardous material, including PCE. Instead, evidence indicates that Mayhew Center, Dean Dunivan, and/or entities which operated at the Site (whether before or during the ownership of the Site by Mayhew Center and/or Dean Dunivan) used and disposed of PCE at the Site and that any hazardous waste or hazardous material found on the WCM Site originated at the Site.

The Cross-Complaint makes periodic reference to "each" Cross-Defendant. The Cross-Complaint names only WCM as a business entity and names no other defendant, actual or fictitious. WCM is therefore without knowledge or information sufficient to form a belief as to the truth of any averment made in the Cross-Complaint referencing parties not named therein and denies such allegations on that basis.

## SPECIFIC RESPONSES TO THE COMPLAINT

### NATURE OF CROSS CLAIM

1.  WCM admits the cross-complaint is brought under the statutes alleged in paragraph 1, but deny any liability or damages under any of the alleged causes of action. To the extent there is a factual allegation in the remainder of paragraph 1, WCM denies such factual allegations. To the extent there is a legal conclusion in the remainder of paragraph 1, no response is required.

2.  WCM admits paragraph 2.

3.     WCM admits paragraph 3.

4.     WCM admits paragraph 4.

5.     As to the definition of "Disposal" set forth in paragraph 5, WCM asserts that the statute cited speaks for itself.

6.     As to the definition of "Environment" set forth in paragraph 6, WCM asserts that the statute cited speaks for itself.

7.     As to the definition of "Facility" set forth in paragraph 7, WCM asserts that the statute cited speaks for itself.

8.     As to the definition of "National Contingency Plan" set forth in paragraph 8, WCM asserts that the statute cited speaks for itself.

9.     As to the definition of "Release" set forth in paragraph 9, WCM asserts that the statute cited speaks for itself.

10.     As to the definition of "Response Costs" set forth in paragraph 10, WCM asserts that the statute cited speaks for itself.

11.     As to the definition of "Hazardous Substance" set forth in paragraph 11, WCM asserts that the statute cited speaks for itself.

## THE PARTIES

12.     WCM admits paragraph 12.

13.     WCM admits paragraph 13.

14.     As noted in the Prefatory Statement, above, the Cross-Complaint names only WCM as Cross-Defendant. Therefore WCM denies both that any other cross-defendant exists and that any such cross-defendant was acting in the "coarse [sic] and scope of [such] agency and/or employment" by or on behalf of WCM.

15.     WCM denies all allegations in paragraph 15.

16.     WCM denies all allegations in paragraph 16.

17.     WCM denies all allegations in paragraph 17.

18.     WCM denies all allegations in paragraph 18.

## FIRST CLAIM FOR RELIEF

19. WCM admits, denies, and otherwise answers paragraphs 19 as set forth in the previous responses to paragraphs 1-18.

20. WCM denies all allegations in paragraph 20.

21. WCM admits that the WCM Site is a "Facility" within the meaning of Section 101(9)(A) of CERCLA, but denies any factual allegation in paragraph 21 that WCM has "deposited, stored, disposed of, or placed" any hazardous substance at the WCM Site, the Site, or elsewhere within the meaning of Section 101(9)(B) of CERCLA. To the extent there is a factual allegation that a hazardous substance has "otherwise come to be located" at the WCM Site within the meaning of Section 101(9)(B), WCM asserts that such hazardous substance originated at the Site and denies that WCM caused, or allowed, such hazardous substance to "come to be located" at the WCM Site.

22. WCM denies all allegations in paragraph 22.

23. WCM denies all allegations in paragraph 23.

24. WCM denies all allegations in paragraph 24.

## SECOND CLAIM FOR RELIEF

25. WCM admits, denies, and otherwise answers paragraph 25 as set forth in the previous responses to paragraphs 1-24.

26. WCM denies all allegations in paragraph 26.

27. WCM denies all allegations in paragraph 27.

## THIRD CLAIM FOR RELIEF

28. WCM admits, denies, and otherwise answers paragraph 28 as set forth in the previous responses to paragraphs 1-27.

29. WCM admits that there is a controversy between Cross-Claimant and Cross-Defendant and that Cross-Defendant denies any liability to Cross-Claimant. Except as expressly admitted, the remaining allegations in paragraph 29 are denied.

30. WCM is without knowledge or information sufficient to form a belief as to the truth of the averments in first sentence of paragraph 30 and deny them on that basis. WCM denies the remaining allegations of paragraph 30.

31. WCM denies all allegations in paragraph 31.

32. WCM denies all allegations in paragraph 32.

## FOURTH CLAIM FOR RELIEF

33. WCM admits, denies, and otherwise answers paragraph 33 as set forth in the previous responses to paragraphs 1-32.

34. WCM denies the allegations of paragraph 34.

35. WCM denies all allegations in paragraph 35.

36. To the extent cross-claimants allege that WCM is responsible for the discharge of waste at either the WCM Site or the Site, WCM denies all allegations in paragraph 36. To the extent there are factual allegations in paragraph 36, WCM is without knowledge or information sufficient to form a belief as to the truth of the averments therein and denies them on that basis. To the extent paragraph 36 contains conclusions of law, no response is required.

37. WCM admit, as stated in the last sentence of paragraph 37, that to the extent any costs are incurred they are to "respond to the condition of nuisance Cross-Claimants contributed to and created." Except as expressly admitted, WCM denies the remaining allegations in paragraph 37.

38. WCM denies all allegations in paragraph 38.

39. WCM denies all allegations in paragraph 39.

## FIFTH CLAIM FOR RELIEF

40. WCM admits, denies, and otherwise answers paragraph 40 as set forth in the previous responses to paragraphs 1-39.

41. WCM denies all allegations in paragraph 41.

42. WCM denies all allegations in paragraph 42.

43. WCM denies all allegations in paragraph 43.

44. WCM denies all allegations in paragraph 44.

45. WCM denies all allegations in paragraph 45.

46. WCM denies all allegations in paragraph 46.

47. WCM denies all allegations in paragraph 47

## SIXTH CLAIM FOR RELIEF

48. WCM admits, denies, and otherwise answers paragraph 48 as set forth in the previous responses to paragraphs 1-47.

49. WCM denies all allegations in paragraph 49.

50. WCM denies all allegations in paragraph 50.

51. WCM denies all allegations in paragraph 51.

52. WCM denies all allegations in paragraph 52.

53. WCM denies all allegations in paragraph 53.

## SEVENTH CLAIM FOR RELIEF

54. WCM admits, denies, and otherwise answers paragraph 54 as set forth in the previous responses to paragraphs 1-53.

55. WCM denies all allegations in paragraph 55.

56. WCM denies all allegations in paragraph 56.

57. WCM denies all allegations in paragraph 57.

58. WCM denies all allegations in paragraph 58.

59. WCM denies all allegations in paragraph 59.

## EIGHTH CLAIM FOR RELIEF

60. WCM admits, denies, and otherwise answers paragraph 60 as set forth in the previous responses to paragraphs 1-59.

61. With regard to the allegations in paragraph 61, WCM maintains that the statutes speak for themselves and are the best evidence of their contents. To the extent cross-claimants allege

that WCM is responsible for the discharge of a hazardous substance at the WCM Site, the Site, or elsewhere, WCM denies all allegations in paragraph 61.

62. WCM denies all allegations in paragraph 62.

63. WCM denies all allegations in paragraph 63.

64. WCM denies all allegations in paragraph 64.

65. WCM denies all allegations in paragraph 65.

66. WCM denies all allegations in paragraph 66.

67. WCM denies all allegations in paragraph 67.

## NINTH CLAIM FOR RELIEF

68. WCM admits, denies, and otherwise answers paragraph 68 as set forth in the previous responses to paragraphs 1-67.

69. To the extent the allegations in paragraph 69 refer to the California Water Code and/or the holdings of a decision of the California State Water Resources Control Board, WCM maintains that the statutes and the decisions of the administrative agency speak for themselves and are the best evidence of their contents. WCM denies all factual allegations in paragraph 69.

70. WCM admits paragraph 70.

71. WCM denies all allegations in paragraph 71.

72. WCM denies all allegations in paragraph 72.

73. To the extent cross-claimants allege that WCM is responsible for the discharge of waste or hazardous materials at the WCM Site or the Site, WCM denies all allegations in paragraph 73.

74. To the extent cross-claimants allege that WCM is responsible for the discharge of waste or hazardous materials at either the WCM Site or the Site, WCM denies all allegations in paragraph 74.

75. To the extent cross-claimants allege that WCM is responsible for the discharge of waste or hazardous materials at either the WCM Site or the Site, WCM denies all allegations in paragraph 75.

76. WCM denies all allegations in paragraph 76.

### TENTH CLAIM FOR RELIEF

77. WCM admits, denies, and otherwise answers paragraph 77 as set forth in the previous responses to paragraphs 1-76.

78. WCM denies all allegations in paragraph 78.

79. WCM denies all allegations in paragraph 79.

80. WCM denies all allegations in paragraph 80.

### ELEVENTH CLAIM FOR RELIEF

81. WCM admits, denies, and otherwise answers paragraph 80 as set forth in the previous responses to paragraphs 1-80.

82. To the extent paragraph 82 contains factual allegations related to the activities of WCM, WCM denies the allegations therein. Further, paragraph 82 merely states the relief sought by Cross-Claimants, and no response is required.

83. WCM denies all allegations in paragraph 83.

### TWELFTH CLAIM FOR RELIEF

84. WCM admits, denies, and otherwise answers paragraph 84 as set forth in the previous responses to paragraphs 1-83.

85. WCM admits that there is an actual controversy between Cross-Claimants and WCM. To the extent paragraph 85 contains factual allegations related to the activities of WCM, WCM denies the allegations therein.

86. WCM is unable to admit or deny whether substantial costs will be incurred by Cross-Claimants. Except as expressly admitted, WCM denies all allegations in paragraph 86.

87. To the extent paragraph 87 contains factual allegations related to the activities of WCM, WCM denies the allegations therein. Paragraph 87 merely states the relief sought by Cross-Claimants, and no response is required.

## THIRTEENTH CLAIM FOR RELIEF

88. WCM admits, denies, and otherwise answers paragraph 88 as set forth in the previous responses to paragraphs 1-87.

89. WCM denies all allegations in paragraph 89.

90. WCM denies all allegations in paragraph 90.

91. WCM denies all allegations in paragraph 91. To the extent to the allegations refer to the statutes reference in paragraph 91, WCM maintains that the statutes speak for themselves and are the best evidence of their contents.

92. WCM denies all allegations in paragraph 92.

## FOURTEENTH CLAIM FOR RELIEF

93. WCM admits, denies, and otherwise answers paragraph 93 as set forth in the previous responses to paragraphs 1-92.

94. WCM denies all allegations in paragraph 94. To the extent paragraph 94 describes the actions of the Regional Board, WCM admits that the Regional Board has directed and order certain action regarding contamination at the Site, but to date Cross-Claimants have failed to comply.

95. WCM denies all allegations in paragraph 95.

96. WCM denies all allegations in paragraph 96.

## AFFIRMATIVE DEFENSES

WCM further answers and avers that Cross-Claimants are precluded from recovery against WCM as follows:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State Cause of Action)

The Cross-Complaint, and the purported claims asserted therein against WCM, is barred to the extent that it fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitation)

The Cross-Complaint, and the purported claims asserted therein, are barred by the applicable statutes of limitations including, but not limited to, Section 113 of CERCLA, 42 U.S.C. §9613 and California Code of Civil Procedure §§337, 337.1, 337.15, 337.2, 338, 338.1, 340, 340.8, and 343.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Join Necessary Parties)

Cross-Claimants have failed to join all persons necessary for a full and just adjudication of the purported causes of action asserted in the Cross-Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

WCM is informed and believes and on such basis alleges that Cross-Claimants knowingly and voluntarily assumed the risk, if any, of the damages alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Cause in Fact)

WCM alleges that Cross-Claimants cannot prove any facts showing that the conduct of WCM was the cause in fact of any threatened or actual releases of hazardous substances or hazardous wastes as alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

(Proximate Cause)

WCM alleges that Cross-Claimants cannot prove any facts showing that the conduct of WCM was the proximate cause of, or a substantial factor in, any threatened or actual release of hazardous substances or hazardous wastes as alleged in the Cross-Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Comparative Negligence Against Cross-Claimants)

WCM alleges that the negligence of Cross-Claimants proximately caused and/or were substantial factors in whatever injuries or damages are alleged by Cross-Claimants in the Cross-Complaint. Cross-Claimants' recovery, if any, must be diminished in proportion of their own negligence.

### EIGHTH AFFIRMATIVE DEFENSE

(Comparative Negligence of Third Persons)

WCM alleges that the negligence and/or intentional misconduct of third parties proximately cause and/or was a substantial factor in whatever injuries or damages are alleged by Cross-Claimants in the Cross-Complaint. Cross-Claimants' recovery, if any, must be diminished in proportion of their own negligence.

### NINTH AFFIRMATIVE DEFENSE

(Estoppel)

WCM alleges that by virtue of the acts and omissions of Cross-Claimants, Cross-Claimants are estopped from asserting the claims alleged in the Cross-Complaint.

### TENTH AFFIRMATIVE DEFENSE

(Waiver)

WCM alleges that as a result of the acts and omissions of Cross-Claimants, Cross-Claimants have waived their rights to assert the purported causes of action in the Cross-Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

(Laches)

WCM alleges that, by virtue of Cross-Claimants' unreasonable delay in commencing this action, which delay has caused prejudice to WCM.

## TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Cross-Claimants' claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Contribution)

WCM alleges that Cross-Claimants cannot prove any facts showing that the conduct of WCM contributed to the handling, storage, treatment, transportation, or disposal of solid or hazardous waste or hazardous substances as alleged in the Cross-Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Offset)

Cross-Claimant's recover, if any, against WCM must be offset by any amount that the Plaintiffs must pay as responsible parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Petroleum Exclusion)

The Cross-Complaint, insofar as the "hazardous substances" allegedly released or that threaten to be released at the Site or the WCM Site are petroleum products, fails to state a claim upon which relief may be granted under CERCLA. Petroleum, including crude oil or any fraction thereof that is not otherwise specifically listed or designated as a hazardous substance under subparagraphs (A) through (F) of 42 U.S.C. §9601(14) is not a "hazardous substances" within the meaning of CERCLA.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Natural Gas Exclusion)

The Cross-Complaint, insofar as the "hazardous substances" allegedly released or that threaten to be released at the Site or the WCM Site are natural gas products, fails to state a claim upon which relief may be granted under CERCLA. Natural gas products, including gas, natural gas liquids, liquified natural gas and synthetic gas usable for fuel (or mixtures of natural gas and such synthetic gas) are not "hazardous substances" within the meaning of CERCLA..

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Intervening Acts)

WCM alleges that they are not liable to Cross-Claimants because the subsequent and intervening acts of Cross-Claimant, third parties and/or acts of God, all of which caused the damages, if any, alleged in the Cross-Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

The Cross-Complaint, and each purported cause of action asserted therein, is uncertain.

### NINTEENTH AFFIRMATIVE DEFENSE

(Conformance with Statute, Regulations, and Industry Standards)

WCM alleges that to the extent Cross-Claimants prove that WCM conducted any of the activities alleged in the Complaint, those activities conformed with and were pursuant to statutes, government regulations and industry standards based upon the state of knowledge at the time of the activities.

### TWENTIETH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

WCM alleges that Cross-Claimants have failed to take any reasonable steps to mitigate damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(De Minimis Effect)

WCM alleges that if hazardous substances or hazardous wastes as alleged by Cross-Claimants leaked or spilled from the WCM Site, such leak or spill was of such a minor, trivial or insignificant amount in view of the circumstances surrounding the alleged contamination of the soil and groundwater at the Site that no reasonable person would conclude that Defendants have created or caused the damages alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Defenses Under CERCLA Section 107(b)(1) for Acts of God)

WCM alleges that some or all of the releases or threats of release of hazardous substances or hazardous wastes, if any, alleged in the Cross-Complaint and the resulting damages therefore, were solely caused by an Act of God, as defined by CERCLA Section 101(1). To the extent this caused releases or threatened releases of hazardous material hazardous waste at or from the WCM Site, WCM is not liable for any resulting response costs or damages by reason of the provisions of CERCLA Section 107(b)(1).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Defenses under Section 107(b)(3) of CERCLA for Acts or Omissions of Third Parties)

WCM alleges that the release or threat of release of hazardous substances and hazardous wastes alleged in the Cross-Complaint and the resulting damages therefrom, if not caused by the Cross-Defendants themselves, were caused solely by the acts or omissions of a third party or parites. Such third parties were neither an employee nor an agent of WCM nor did the acts or omissions of such third parties occur in connection with a contractual relationship, existing directly or indirectly, with WCM. If it is determined that there were releases of hazardous substances or hazardous wastes,

then WCM exercised due care with respect to the hazardous substance concerned in light of all relevant facts and circumstances and that WCM took precautions against forseeable acts or omissions of any such third party and the consequences that could have been reasonably forseen from such acts or omissions and is therefore not liable for any resulting response costs or damages by reason of the provisions of CERCLA Section 107(b)(3).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Defenses under Section 107(b)(4) of CERCLA for Acts of God in Combination with Acts or Omissions of Third Parties)

WCM allege that some or all of the releases or threats of release of hazardous substances or hazardous waste, if any, alleged in the Cross-Complaint and the resulting damages therefrom or caused by an Act of God, as defined in CERCLA Section 101(1), in combination with the acts of a third party or third parties. To the extent this caused releases or threatened releases of hazardous substances or hazardous wastes at or from the Site or WCM Site, WCM is not liable for any resulting response costs or damages by reason of CERCLA Section 107(b)(1), (2) and (4).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Inconsistency with National Contingency Plan)

CERCLA Section 107(a)(4)(B) authorizes recovery of response costs which are "necessary [response] costs incurred . . .consistent with the national contingency plan." All or part fo the response costs allegedly incurred and to be incurred by Cross-Claimants are not necessary costs of response or are not consistent with the National Contingency Plan. As such, Plaintiffs are not entitled to recover for such activities and costs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Violation of Regulatory Standards)

Cross-Claimants' claims are barred to the extent their costs, if any, were incurred as the result of its violation of regulatory standards or failure to cooperate with public officials.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Response Costs)

The costs claimed by Cross-Claimants do not constitute response costs within the meaning of CERCLA Section 107(a).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Remedial Actions Not Cost-Effective)

Cross-Claimants are not entitled to recover remedial costs from WCM because Cross-Claimants' alleged remedial actions were not and are not "cost-effective" under CERCLA Section 121.

### THIRTIETH AFFIRMATIVE DEFENSE

(Superseding Cause)

Any fault or negligence attributable to WCM was not a substantial or contributing factor in proximately causing any of Cross-Claimants' alleged damages and, even if any, was superseded by the acts, omissions, carelessness, recklessness, negligence and/or wrongful and blameworthy conduct of others which were independent, intervening, supervening, superseding, and proximate causes of Cross-Claimant's alleged damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Equitable Indemnity)

Cross-Claimant's claims may be barred or limited in that Cross-Claimant is not entitled to any recovery from WCM to the extent that another entity is responsible for the claims under the doctrine of equitable indemnity.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Joint and Several Liability)

WCM is not jointly and severally liable for any damage alleged in the Cross-Complaint because any effect of any act or omission of WCM is divisible and distinct from any damage incurred by Cross-Claimants. Joint and several liability should not be imposed on WCM as it had no involvement in any generation, transportation, treatment, storage or disposal of hazardous substances or solid or hazardous wastes at the Site or the WCM Site.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(No Attorney's Fees Available)

Cross-Claimant may not recover all or a portion of its claimed attorneys' fees under CERCLA or under any other theory.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Imputation of Fault to Plaintiffs)

Any release or threat of release of any hazardous substance, any imminent and substantial endangerment relating to any hazardous waste, and any other damage alleged in the Cross-Complaint were caused by the acts, omissions or fault of persons or entities other than WCM whose acts, omissions, or fault are imputed to Cross-Claimants by reason of the relationship of said relationship or entities to Cross-Claimants.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Other Defendants and Third Parties)

Whatever damage, injury, loss or expense may be, or may have been, incurred by Cross-Claimants under the circumstances and events alleged in the Cross-Complaint was solely, directly, and proximately caused, or alternatively, contributed to, by the misconduct, negligence, or wrongful conduct of WCM by third parties whose identities are not now known by WCM. Therefore, WCM request that in the event Cross-Claimants recover against WCM whether by settlement or judgment,

an apportionment of fault be made by the Court or jury as to all parties. WCM further requests a judgment and declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Due Care)

WCM exercised due care with respect to all matters alleged in the Complaint.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Cross-Claimants' damages, if any, are speculative and may not be recovered.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Preemption)

Cross-Claimants' state law claims are preempted by federal law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

Given the conclusory nature of the Complaint and the lack of discovery to date, WCM is unable to identify all appropriate defenses at this time and therefore reserves the right later to allege any theory of defense that may be available to WCM.

### FORTIETH AFFIRMATIVE DEFENSE

(Failure to Comply with Regulatory and Statutory Prerequisites to Filing CERCLA Action)

Cross-Claimant's CERCLA claims are barred because Cross-Claimant failed to comply with all statutory and/or regulatory prerequisites necessary to bring an action under CERCLA.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Incorporation of Complaint)

WCM refer to and incorporate herein each and every allegation contained in the Complaint served upon Defendants and filed with the Court on November 7, 2007.

**PRAYER FOR RELIEF**

WHEREFORE WCM prays as follows:

1. That Cross-Claimants take nothing by way of their Cross-Complaint
2. That the Cross-Complaint be dismissed in its entirety;
3. That WCM, as Cross-Defendant, be awarded its costs, expert consultant and witness fees, and reasonable attorney's fees;
4. For a declaration declaring that WCM is not liable to Cross-Claimants in any amount; and
5. For such other and further relief as the Court deems just and proper.

DATED: JANUARY 22, 2008

Respectfully Submitted,

DUANE MORRIS LLP

Brian A. Kelly
Andrew T. Lloyd
Attorneys for Walnut Creek Manor, LLC