

1  FRED M. BLUM, ESQ. (SBN 101586)
   JONATHAN E. MEISLIN, ESQ. (SBN 243523)
2  **BASSI, MARTINI, EDLIN & BLUM LLP**
   351 California Street, Suite 200
3  San Francisco, CA 94104
   Telephone:   (415) 397-9006
4  Facsimile:   (415) 397-1339

5  Attorneys for DEFENDANTS
   **MAYHEW CENTER, LLC AND DEAN DUNIVAN**

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11

12  WALNUT CREEK MANOR, LLC,              )   CASE NO.    C 07 5664
                                          )
13          Plaintiff,                    )   **ANSWER OF DEFENDANTS**
                                          )   **MAYHEW CENTER, LLC, AND**
14      vs.                               )   **DEAN DUNIVAN TO PLAINTIFFS'**
                                          )   **FIRST AMENDED COMPLAINT**
15  MAYHEW CENTER, LLC, a California      )
    limited liability company; Dean Dunivan, an )   **DEMAND FOR JURY TRIAL**
16  individual; Etch-Tek, Inc., a former California )
    corporation, Etch-Tek Electronics Corporation, )   Trial Date:        May 18, 2009
17  a suspended California corporation, and DOES )
    1-50, inclusive,                      )
18                                        )
            Defendants.                   )
19                                        )
                                          )
20  _____       )
                                          )
21  MAYHEW CENTER, LLC, a California      )
    limited liability company; and Dean Dunivan, )
22  an individual,                        )
                                          )
23          Cross-Claimants,              )
                                          )
24      vs.                               )
                                          )
25  WALNUT CREEK MANOR, LLC,              )
                                          )
26          Cross-Defendant.              )
                                          )
27  _____       )

28

46855.wpd

                              1

1   Defendants <u>MAYHEW CENTER, LLC</u>, a California limited liability company ("MC"),

2   and <u>DEAN DUNIVAN</u>, an individual ("DUNIVAN") (collectively "Defendants"), hereby answer

3   the Plaintiff <u>WALNUT CREEK MANOR, LLC</u>'s ("Plaintiff") First Amended Complaint, filed in

4   the above-entitled Court, as follows:

5                                    **PARTIES**

6       1.      With regard to paragraph 1, Defendants are without sufficient knowledge or

7   information to form a belief as to the truth of the allegations contained therein, and on that basis

8   deny same.

9       2.      Defendants admits paragraph 2.

10      3.      With regard to paragraph 3, Defendants admit that DUNIVAN is an member and

11  the principal manager of MC and manages the Mayhew Center Property by virtue of his position

12  as the principal manager of MC. Defendants deny paragraph 3 to the extent that it states that

13  DUNIVAN owns the Mayhew Center property.

14      4.      With regard to paragraph 4, Defendants are without sufficient knowledge or

15  information to form a belief as to the truth of the allegations contained therein, and on that basis

16  deny same.

17      5.      Paragraph 5 is too indefinite in that alleges the existence of fictitious defendants

18  and the occurrence of fictitious acts. Defendants are, therefore, without sufficient knowledge or

19  information to form a belief as to the truth of the allegations contained therein, and on that basis

20  deny same.

21                      **JURISDICTION AND VENUE**

22      6.      With regard to paragraph 6, Defendants admit that this is a suit by the Plaintiff

23  against the various defendants listed in paragraph 6. However, Defendants are without sufficient

24  knowledge or information to form a belief as to the truth of the allegations that Plaintiff is the

25  owner and operator of a seniors-only apartment complex in Walnut Creek.

26      7.      With regard to paragraph 7, Defendants admit that Plaintiffs have brought this

27  action under the statutes described therein. However, Defendants deny liability or claims for

28  damages thereunder. With respect to the final two sentences contained in Paragraph 7,

46855.wpd

1  Defendants are without sufficient knowledge and information to form a belief as to the truth of

2  the allegations contained therein, and on that basis deny the same. Defendants further maintain

3  that the statutes referenced in paragraph 7 speak for themselves.

4      8. All statutes mentioned within paragraph 8 speak for themselves. Nevertheless,

5  Defendants are without sufficient knowledge or information at this time to determine if venue is

6  proper in the Northern District of California, and on that basis deny same.

7  **BACKGROUND FACTS AND ALLEGATIONS COMMON**

8  **TO ALL CLAIMS FOR RELIEF**

9      9. With regard to paragraph 9, Defendants admit the first sentence in paragraph 9.

10  However, Defendants are without sufficient knowledge or information to form a belief as to the

11  truth of the allegations contained in sentences 2, 3 and 4 of paragraph 9.

12      10. With regard to paragraph 10, Defendants deny the first sentence contained therein.

13  With respect to the final two sentences of paragraph 10, Defendants maintain that the statutes

14  speak for themselves.

15      11. With regard to paragraph 11, Defendants are without sufficient knowledge or

16  information to form a belief as to the truth of the allegations contained in the first and third

17  sentences, and on that basis deny the allegations contained therein. With regard to the second

18  sentence contained in paragraph 11, Defendants deny the allegations contained therein.

19      12. Defendants deny each and every allegation contained in paragraph 12.

20      13. With regard to paragraph 13, Defendants are without sufficient knowledge or

21  information to form a belief as to the truth of the allegations contained therein, and on that basis

22  deny the allegations contained therein. With regard to Plaintiff's allegations related to the statute

23  contained in paragraph 13, Defendants maintain that the statute speaks for itself.

24      14. With regard to paragraph 14, Defendants are without sufficient knowledge or

25  information to form a belief as to the truth of the allegations contained therein, and on that basis

26  deny the same.

27      15. With regard to paragraph 15, Defendants are without sufficient knowledge or

28  information to form a belief as to the truth of the allegations contained therein, and on that basis

46855.wpd

1  deny the same.

2       16.    With regard to paragraph 16, Defendants are without sufficient knowledge or
3  information to form a belief as to the truth of the allegations contained therein, and on that basis
4  deny the same.

5       17.    With regard to paragraph 17, Defendants are without sufficient knowledge or
6  information to form a belief as to the truth of the allegations contained therein, and on that basis
7  deny the same.

8       18.    With regard to paragraph 18, Defendants are without sufficient knowledge or
9  information to form a belief as to the truth of the allegations contained therein, and on that basis
10  deny the same.

11      19.    With regard to paragraph 19, Defendants are without sufficient knowledge or
12  information to form a belief as to the truth of the allegations contained therein, and on that basis
13  deny the same.

14      20.    With regard to paragraph 20, Defendants are without sufficient knowledge or
15  information to form a belief as to the truth of the allegations contained therein, and on that basis
16  deny the same.

17      21.    With regard to paragraph 21, Defendants are without sufficient knowledge or
18  information to form a belief as to the truth of the allegations contained therein, and on that basis
19  deny the allegations contained therein. With regard to Plaintiff's allegations related to the statute
20  contained in paragraph 21, Defendants maintain that the statute speaks for itself.

21      22.    With regard to paragraph 22, Defendants are without sufficient knowledge or
22  information to form a belief as to the truth of the allegations contained therein, and on that basis
23  deny the same.

24      23.    With regard to paragraph 23, Defendants are without sufficient knowledge or
25  information to form a belief as to the truth of the allegations contained therein, and on that basis
26  deny the same.

27  / / /

28  / / /
46855.wpd

4

## FIRST CLAIM FOR RELIEF

## (CERCLA COST RECOVERY)

24.    Defendants admit, deny, and otherwise answer paragraph 24 in accordance with their previous responses with respect to paragraphs 1-23.

25.    With regard to paragraph 25, Defendants maintain that the statute referenced in that paragraph speaks for itself and otherwise deny allegations contained therein with respect to the property referred to in Plaintiff's complaint as the Mayhew Center Property. With regard to all other property referenced in paragraph 25, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same with respect to those properties.

26.    With regard to paragraph 26, Defendants maintain that the statute referenced in that paragraph speaks for itself and that Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

27.    With regard to paragraphs 27-28, Defendants maintain that the statutes referenced in those paragraphs speak for themselves. Defendants otherwise deny the allegations contained therein.

28.    With regard to paragraphs 29-30, Defendants maintain that the statutes referenced in those paragraphs speak for themselves and that Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

29.    With regard to paragraphs 31, Defendants maintain that the statute referenced in that paragraph speak for itself. Defendants otherwise deny the allegations contained therein.

30.    With regard to paragraphs 32-34, Defendants deny all allegations related to them. With regard to the remaining allegations contained in paragraphs 32-34, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the same.

31.    With regard to paragraph 35, Defendants deny all allegations related to them and

46855 wpd

1    maintain that all statutes contained in that paragraph speak for themselves.  With regard to the

2    remaining allegations contained in paragraph 35, Defendants are without sufficient knowledge or

3    information to form a belief as to the truth of the allegations contained therein, and on that basis

4    deny the same.

5                            **SECOND CLAIM FOR RELIEF**

6                            **(CERCLA CONTRIBUTION)**

7            32.    Defendants admit, deny, and otherwise answer paragraph 36 in accordance with

8    their previous responses with respect to paragraphs 1-35.

9            33.    With regard to paragraphs 37-38, Defendants deny all allegations related to them.

10   With regard to the remaining allegations contained in paragraphs 37-38, Defendants are without

11   sufficient knowledge or information to form a belief as to the truth of the allegations contained

12   therein, and on that basis deny the same.

13           34.    With regard to paragraphs 39-40, Defendants deny all allegations related to them

14   and maintain that all statutes contained in those paragraphs speak for themselves.  With regard to

15   the remaining allegations contained in paragraphs 39-40, Defendants are without sufficient

16   knowledge or information to form a belief as to the truth of the allegations contained therein, and

17   on that basis deny the same.

18                            **THIRD CLAIM FOR RELIEF**

19                            **(FEDERAL DECLARATORY RELIEF)**

20           35.    Defendants admit, deny, and otherwise answer paragraph 41 in accordance with

21   their previous responses with respect to paragraphs 1-40.

22           36.    With regard to paragraphs 42-43, Defendants deny all allegations related to them.

23   With regard to the remaining allegations contained in paragraphs 42-43, Defendants are without

24   sufficient knowledge or information to form a belief as to the truth of the allegations contained

25   therein, and on that basis deny the same.

26           37.    With regard to paragraph 44, Defendants admit that Plaintiffs are seeking a

27   declaratory judgment in this action.  Defendants deny the remaining allegations contained in

28   paragraph 44 and maintain that the statute contained in that paragraph speaks for itself.

46855 wpd

1        38.    With regard to paragraph 45, Defendants admit that Plaintiffs seeks a judicial

2    determination with respect to those issues contained in paragraph 45. Defendants deny the

3    remaining allegations contained in paragraph 45, including the allegation that Plaintiffs are

4    entitled to such a judicial determination and the existence of the issues contained in that

5    paragraph. Defendants also maintain that the statute contained in that paragraph speaks for itself.

6    **FOURTH CLAIM FOR RELIEF**

7    **(PRIVATE NUISANCE)**

8        39.    Defendants admit, deny, and otherwise answer paragraph 46 in accordance with

9    their previous responses with respect to paragraphs 1-45.

10       40.    With regard to paragraphs 47-50, Defendants deny all allegations related to them.

11   With regard to the remaining allegations contained in paragraphs 47-50, Defendants are without

12   sufficient knowledge or information to form a belief as to the truth of the allegations contained

13   therein, and on that basis deny the same.

14       41.    With regard to paragraph 51, Defendants deny all allegations related to them and

15   maintain that the statute contained in that paragraph speaks for itself. With regard to the

16   remaining allegations contained in paragraph 51, Defendants are without sufficient knowledge or

17   information to form a belief as to the truth of the allegations contained therein, and on that basis

18   deny the same.

19       42.    With regard to paragraph 52, Defendants deny all allegations related to them.

20   With regard to the remaining allegations contained in paragraph 52, Defendants are without

21   sufficient knowledge or information to form a belief as to the truth of the allegations contained

22   therein, and on that basis deny the same.

23       43.    With regard to paragraph 53, Defendants deny all allegations related to them and

24   maintain that the case cited in that paragraph speaks for itself. With regard to the remaining

25   allegations contained in paragraphs 53, Defendants are without sufficient knowledge or

26   information to form a belief as to the truth of the allegations contained therein, and on that basis

27   deny the same.

28       44.    With regard to paragraph 54, Defendants deny all allegations related to them.

46855.wpd

1   With regard to the remaining allegations contained in paragraphs 54, Defendants are without

2   sufficient knowledge or information to form a belief as to the truth of the allegations contained

3   therein, and on that basis deny the same.

4       45.    With regard to paragraph 55, Defendants deny all allegations related to them and

5   maintain that the statute contained in that paragraph speaks for itself. With regard to the

6   remaining allegations contained in paragraphs 55, Defendants are without sufficient knowledge

7   or information to form a belief as to the truth of the allegations contained therein, and on that

8   basis deny the same.

9       46.    With regard to paragraph 56-57, Defendants deny all allegations related to them.

10  With regard to the remaining allegations contained in paragraphs 54, Defendants are without

11  sufficient knowledge or information to form a belief as to the truth of the allegations contained

12  therein, and on that basis deny the same.

13      47.    With regard to paragraph 58, Defendants deny all allegations related to them and

14  maintain that the statute contained in that paragraph speaks for itself. With regard to the

15  remaining allegations contained in paragraph 58, Defendants are without sufficient knowledge or

16  information to form a belief as to the truth of the allegations contained therein, and on that basis

17  deny the same.

## FIFTH CLAIM FOR RELIEF

## (PUBLIC NUISANCE)

20      48.    Defendants admit, deny, and otherwise answer paragraph 59 in accordance with

21  their previous responses with respect to paragraphs 1-58.

22      49.    With regard to paragraphs 60-61, Defendants deny all allegations related to them.

23  With regard to the remaining allegations contained in paragraphs 60-61, Defendants are without

24  sufficient knowledge or information to form a belief as to the truth of the allegations contained

25  therein, and on that basis deny the same.

26      50.    With regard to paragraphs 62-63, Defendants deny all allegations related to them

27  and maintain that the statutes contained in those paragraphs speak for themselves. With regard to

28  the remaining allegations contained in paragraphs 62-63, Defendants are without sufficient

46855 wpd

1   knowledge or information to form a belief as to the truth of the allegations contained therein, and

2   on that basis deny the same.

3         51.    Defendants deny each and every allegation contained in paragraph 64.

4                           **SIXTH CLAIM FOR RELIEF**

5                           **(TRESPASS)**

6         52.    Defendants admit, deny, and otherwise answer paragraph 65 in accordance with

7   their previous responses with respect to paragraphs 1-64.

8         53.    With regard to paragraphs 66-69, Defendants deny all allegations related to them.

9   With regard to the remaining allegations contained in paragraphs 66-69, Defendants are without

10   sufficient knowledge or information to form a belief as to the truth of the allegations contained

11   therein, and on that basis deny the same.

12                      **SEVENTH CLAIM FOR RELIEF**

13                     **(NEGLIGENCE)**

14         54.    Defendants admit, deny, and otherwise answer paragraph 70 in accordance with

15   their previous responses with respect to paragraphs 1-69.

16         55.    With regard to paragraphs 71-75, Defendants deny all allegations related to them.

17   With regard to the remaining allegations contained in paragraphs 71-75, Defendants are without

18   sufficient knowledge or information to form a belief as to the truth of the allegations contained

19   therein, and on that basis deny the same.

20                      **EIGHTH CLAIM FOR RELIEF**

21                  **(NEGLIGENCE PER SE)**

22         56.    Defendants admit, deny, and otherwise answer paragraph 76 in accordance with

23   their previous responses with respect to paragraphs 1-75.

24         57.    With regard to paragraphs 77-82, Defendants deny all allegations related to them

25   and otherwise maintain that the statutes referenced in those paragraphs speak for themselves.

26   With regard to the remaining allegations contained in paragraphs 77-82, Defendants are without

27   sufficient knowledge or information to form a belief as to the truth of the allegations contained

28   therein, and on that basis deny the same.

46855.wpd

1    58.    With regard to paragraph 83, Defendants deny all allegations related to them.

2    With regard to the remaining allegations contained in paragraph 83, Defendants are without

3    sufficient knowledge or information to form a belief as to the truth of the allegations contained

4    therein, and on that basis deny the same.

5    ### NINTH CLAIM FOR RELIEF

6    ### (STRICT LIABILITY)

7    59.    Defendants admit, deny, and otherwise answer paragraph 84 in accordance with

8    their previous responses with respect to paragraphs 1-83.

9    60.    With regard to paragraphs 85-87, Defendants deny all allegations related to them.

10    With regard to the remaining allegations contained in paragraphs 85-87, Defendants are without

11    sufficient knowledge or information to form a belief as to the truth of the allegations contained

12    therein, and on that basis deny the same.

13    ### TENTH CLAIM FOR RELIEF

14    ### (CONTRIBUTION UNDER HAZARDOUS SUBSTANCES ACCOUNT ACT)

15    61.    Defendants admit, deny, and otherwise answer paragraph 88 in accordance with

16    their previous responses with respect to paragraphs 1-87.

17    62.    With regard to paragraphs 89-92, Defendants maintain that the statutes referenced

18    in that paragraph speak for themselves.  With respect to the remainder of paragraphs 89-92,

19    Defendants are without sufficient knowledge or information to form a belief as to the truth of the

20    allegations contained therein, and on that basis deny the same.

21    ### ELEVENTH CLAIM FOR RELIEF

22    ### (CONTRIBUTION UNDER PORTER-COLOGNE ACT)

23    63.    Defendants admit, deny, and otherwise answer paragraph 93 in accordance with

24    their previous responses with respect to paragraphs 1-92.

25    64.    With regard to paragraph 94, Defendants maintain that the statutes referenced in

26    that paragraph speak for themselves.  With respect to the remainder of paragraph 94, Defendants

27    are without sufficient knowledge or information to form a belief as to the truth of the allegations

28    contained therein, and on that basis deny the same.

46855.wpd

1    65.    With regard to paragraph 95-96, Defendants deny all allegations related to them.

2 With regard to the remaining allegations contained in paragraphs 95-96, Defendants are without

3 sufficient knowledge or information to form a belief as to the truth of the allegations contained

4 therein, and on that basis deny the same.

5    **TWELFTH CLAIM FOR RELIEF (EQUITABLE INDEMNITY)**

6    66    Defendants admit, deny, and otherwise answer paragraph 97 in accordance with

7 their previous responses with respect to paragraphs 1-96.

8    67.    With regard to paragraph 98, Defendants deny all allegations related to them.

9 With regard to the remaining allegations contained in paragraph 98, Defendants are without

10 sufficient knowledge or information to form a belief as to the truth of the allegations contained

11 therein, and on that basis deny the same.

12    **DEFENSES**

13    1.    To further answer the Plaintiffs' Complaint, Defendants assert the following

14 affirmative defenses:

15    **FIRST DEFENSE**

16    **(FAILURE TO STATE A CAUSE OF ACTION)**

17    2.    One or more of the causes of action asserted in the Complaint fail to state a claim

18 against Defendants for which relief can be granted.

19    **SECOND DEFENSE**

20    **(UNCERTAINTY)**

21    3.    The Complaint, and each purported cause of action asserted therein, is uncertain.

22    **THIRD DEFENSE**

23    **(ASSUMPTION OF RISK)**

24    4.    Defendants are informed and believe and on such basis allege that Plaintiffs

25 knowingly and voluntarily assumed the risk, if any, of the damages alleged in the Complaint.

26    **FOURTH AFFIRMATIVE DEFENSE**

27    **(INTERVENING ACTS)**

28    5.    Defendants allege that they are not liable to Plaintiffs because of the subsequent

46855.wpd

11

1  and intervening acts of Plaintiffs, other Defendants, other third parties and/or acts of God, all of

2  which caused the damages, if any, alleged in the Complaint.

3                          **FIFTH AFFIRMATIVE DEFENSE**

4                              **(CAUSE IN FACT)**

5       6.      Defendants allege that Plaintiffs cannot prove any facts showing that the conduct

6  of Defendants was the cause in fact of any threatened or actual releases of hazardous substances

7  or hazardous wastes as alleged in the Complaint.

8                              **SIXTH DEFENSE**

9              **(PROXIMATE CAUSE/SUBSTANTIAL FACTOR)**

10      7.      Defendants allege that Plaintiffs cannot prove any facts showing that the conduct

11 of Defendants was the proximate cause of, or a substantial factor in, any threatened or actual

12 releases of hazardous substances or hazardous wastes as alleged in the Complaint.

13                             **SEVENTH DEFENSE**

14          **(COMPARATIVE NEGLIGENCE AGAINST PLAINTIFFS)**

15      8.      Defendants allege that the negligence of Plaintiffs proximately caused and/or were

16 substantial factors in whatever injuries or damages are alleged by Plaintiffs in the Complaint.  By

17 reason thereof, Plaintiffs' recovery, if any, must be diminished by the proportion of their own

18 negligence.

19                             **EIGHTH DEFENSE**

20          **(COMPARATIVE NEGLIGENCE OF THIRD PERSONS)**

21      9.      Defendants allege that the negligence and/or intentional misconduct of third

22 parties proximately caused and/or was a substantial factor in whatever injuries or damages are

23 alleged by Plaintiffs in the Complaint.  By reason thereof, Plaintiffs' recovery, if any, must be

24 diminished by the proportion of the negligence and/or intentional misconduct of the third parties.

25                              **NINTH DEFENSE**

26            **(CONFORMANCE WITH STATUTE, REGULATIONS,**

27                      **AND INDUSTRY STANDARDS)**

28      10.     Defendants allege that to the extent Plaintiffs prove that Defendants conducted

46855.wpd

1  any of the activities alleged in the Complaint, those activities conformed with and were pursuant
2  to statutes, government regulations and industry standards based upon the state of knowledge
3  existing at the time of the activities.

4  ## TENTH DEFENSE

5  ### (ESTOPPEL)

6      11.    By virtue of the acts, conduct and omissions of Plaintiffs, Plaintiffs are estopped
7  from asserting the claims alleged in the Complaint.

8  ## ELEVENTH DEFENSE

9  ### (WAIVER)

10     12.    Defendants allege that as a result of the acts, conduct and omissions of Plaintiffs,
11 Plaintiffs have waived their right to assert the purported causes of action in the Complaint.

12 ## TWELFTH DEFENSE

13 ### (MITIGATION OF DAMAGES)

14     13.    Defendants allege that Plaintiffs have failed to take reasonable steps to mitigate
15 any damages.

16 ## THIRTEENTH DEFENSE

17 ### (STATUTE OF LIMITATIONS)

18     14.    Defendants allege that some of the causes of action in the Complaint asserted
19 therein are barred by the applicable statutes of limitations, including, but not limited to,
20 California Code of Civil Procedure sections 337, 337.1, 337.15, 337.2, 338(b), 338.1, 340, and
21 343, and Section 113 of CERCLA, 42 U.S.C. § 9613.

22 ## FOURTEENTH DEFENSE

23 ### (LACHES)

24     15.    By virtue of Plaintiffs' unreasonable delay in commencing this action which delay
25 has caused prejudice to Defendants certain of the purported causes of action asserted in the
26 Complaint are barred by the doctrine of laches.

27

28

46855.wpd

## FIFTEENTH DEFENSE

## (DE MINIMIS EFFECT)

16.    Defendants allege that if hazardous substances or hazardous wastes as alleged by Plaintiffs leaked or spilled from the Site, such leak or spill was of such a minor, trivial or insignificant amount in view of the circumstances surrounding the alleged contamination of the soil and groundwater at the Site that no reasonable person would conclude that Defendants have created or caused the damages alleged in the Complaint.

## SIXTEENTH DEFENSE

## (FAILURE TO JOIN NECESSARY PARTIES)

17.    Plaintiffs have failed to join all persons necessary for a full and just adjudication of the purported causes of action asserted in the Complaint.

## SEVENTEENTH DEFENSE

## (DEFENSE UNDER CERCLA SECTION 107(B) BASED
## ON THE ACTS OR OMISSIONS OF A THIRD PARTY)

18.    Defendants allege that the releases or threats of releases of hazardous substances and hazardous wastes, if any, alleged in the Complaint and the resulting damages therefrom, were solely caused by the acts or omissions of a third party or parties. Such third party or parties were neither an employee nor an agent of Defendants nor did the acts or omissions of such third party or parties occur in connection with a contractual relationship, existing directly or indirectly, with Defendants. If it is determined that there were releases of hazardous substances or hazardous wastes, then Defendants allege that they exercised due care with respect to the hazardous substances and hazardous wastes allegedly concerned, taking into consideration the characteristics of such hazardous substances and hazardous wastes in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of any third party and the consequences that could foreseeably result from such acts or omissions. Therefore, Defendants are not liable for any resulting response costs or damages by reason of the provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") Section 107(b)(3), 42 U.S.C. § 9607(b)(3).

46855 wpd

14

1 | **EIGHTEENTH AFFIRMATIVE DEFENSE**

2 | **(DEFENSE UNDER SECTION 107(B) OF CERCLA, BASED ON AN ACT OF GOD)**

3 |       19.    Defendants allege that some or all of the releases or threats of releases of

4 | hazardous substances or hazardous wastes, if any, alleged in the Complaint and the resulting

5 | damages therefrom, were solely caused by an Act of God, as defined by CERCLA Section

6 | 101(1), 42 U.S.C. § 9601(1). To the extent this caused releases or threatened releases of

7 | hazardous or hazardous wastes at or from the property, Defendants are not liable for any resulting

8 | response costs or damages by reason of the provisions of CERCLA Section 107(b)(1), 42 U.S.C.

9 | § 9607(b)(1).

10 | **NINETEENTH DEFENSE**

11 | **(DEFENSE UNDER SECTION 107(B)(4) OF CERCLA, BASED ON A**

12 | **COMBINATION OF AN ACT OF GOD AND THE ACTIONS OF A THIRD PARTY)**

13 |       20.    Defendants allege that some or all of the releases or threats of release of

14 | hazardous substances or hazardous wastes, if any, alleged in the Complaint and the resulting

15 | damages therefrom, were caused by an Act of God, as defined by CERCLA Section 101(1), 42

16 | U.S.C. § 9601(1), in combination with the acts of a third party or parties. To the extent this

17 | caused releases or threatened releases of hazardous substances or hazardous wastes at or from the

18 | Site, Defendants are not liable for any resulting response costs or damages by reason of the

19 | provisions of CERCLA Section 107(b)(1), (3) and (4), 42 U.S.C. § 9607(b)(1), (3) and (4).

20 | **TWENTIETH DEFENSE**

21 | **(INCONSISTENCY WITH NATIONAL CONTINGENCY PLAN)**

22 |       21.    Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), authorizes recovery

23 | only for response costs incurred which are "necessary" and "consistent with the national

24 | contingency plan." A part or all of the response costs allegedly incurred and to be incurred by

25 | Plaintiffs are not necessary costs of response or are not consistent with the National Contingency

26 | Plan. As such, Plaintiffs are not entitled to recovery for such activities and costs.

27

28

46855.wpd

1                    **TWENTY-FIRST DEFENSE**

2               **(NO JOINT AND SEVERAL LIABILITY)**

3         22.    Joint and several liability should not be imposed on Defendants because joint and

4    several liability is not mandatory and it would be inequitable to impose joint and several liability

5    on Defendants as innocent landowners (MC) and innocent parties (DUNIVAN)  Further, among

6    other reasons, Defendants had no involvement in any generation, transportation, treatment,

7    storage or disposal of hazardous substances or solid or hazardous wastes at the Landfill.

8                   **TWENTY-SECOND DEFENSE**

9             **(NO BASIS FOR ATTORNEYS' FEES UNDER CERCLA)**

10        23.    Plaintiffs may not recover all or a portion of its claimed attorneys' fees under

11   CERCLA.

12                   **TWENTY-THIRD DEFENSE**

13                   **(UNCLEAN HANDS)**

14        24.    Plaintiffs' claims are barred by the doctrine of unclean hands.

15                   **TWENTY-FOURTH DEFENSE**

16                   **(NO CONTRIBUTION)**

17        25.    Defendants allege that Plaintiffs cannot prove any facts showing that the conduct

18   of Defendants contributed to the handling, storage, treatment, transportation or disposal of solid

19   or hazardous wastes or hazardous substances as alleged in the Complaint.

20               **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

21                   **(OFFSET)**

22        26.    Plaintiffs' recovery, if any, against Defendants must be offset by any amount that

23   Plaintiffs must pay as responsible parties.

24               **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

25                   **(PETROLEUM EXCLUSION)**

26        27.    The Complaint, insofar as the "hazardous substances" allegedly released or that

27   threaten to be released at the Property are petroleum products, fails to state a claim upon which

28   relief may be granted under CERCLA.  Petroleum, including crude oil or any fraction thereof that

46855 wpd

1    is not otherwise specifically listed or designated as a hazardous substance under subparagraphs

2    (A) through (F) of 42 U.S.C. § 9601(14), is not a "hazardous substance" within the meaning of

3    CERCLA, 42 U.S.C. § 9601, *et seq.*

4                              **TWENTY-SEVENTH DEFENSE**

5                              **(NATURAL GAS EXCLUSION)**

6          28.    The Complaint, insofar as the "hazardous substances" allegedly released or that

7    threaten to be released at the Site are natural gas products, fails to state a claim upon which relief

8    may be granted under CERCLA. Natural gas products, including gas, natural gas liquids,

9    liquified natural gas and synthetic gas usable for fuel (or mixtures of natural gas and such and

10   synthetic gas), are not a "hazardous substance" within the meaning of CERCLA, 42 U.S.C. §

11   9601 et seq.

12                              **TWENTY-EIGHTH DEFENSE**

13                              **(NO JOINT AND SEVERAL LIABILITY)**

14         29.    Defendants are not jointly and severally liable for any damage alleged in the

15   Complaint because any effect of any act or omission of Defendants or any of them is divisible

16   and distinct from any compensable damage incurred by Plaintiffs.

17                              **TWENTY-NINTH DEFENSE**

18                              **(NO JOINT AND SEVERAL LIABILITY)**

19         30.    Defendants are not jointly and severally liable for any damage alleged in the

20   Complaint. Joint and several liability is not available under CERCLA.

21                              **THIRTIETH DEFENSE**

22                              **(VIOLATION OF REGULATORY STANDARDS)**

23         31.    Plaintiffs' claims are barred to the extent their costs, if any, were incurred as the

24   result of its violation of regulatory standards or failure to cooperate with public officials.

25                              **THIRTY-FIRST DEFENSE**

26                              **(NO RESPONSE COSTS)**

27         32.    The costs claims by Plaintiffs do not constitute response costs within the meaning

28   of CERCLA, 42 U.S.C. § 9607(a).

46855 wpd

## THIRTY-SECOND DEFENSE

### (REMEDIAL ACTIONS NOT COST EFFECTIVE)

33.    Plaintiffs are not entitled to a recovery of remedial costs from Defendants because Plaintiffs' alleged remedial actions were not and are not "cost-effective" pursuant to CERCLA, 42 U.S.C. § 9621.

## THIRTY-THIRD DEFENSE

### (IMPUTATION OF FAULT TO PLAINTIFFS)

34.    Any release or threat of release of any hazardous substance, any imminent and substantial endangerment relating to any hazardous waste, and any other damage alleged in the Complaint were caused by the acts, omissions or fault of persons or entities other than Defendants whose acts, omissions or fault are imputed to Plaintiffs by reason of the relationship of said persons or entities to Plaintiffs.

## THIRTY-FOURTH DEFENSE

### (OTHER DEFENDANTS AND THIRD PARTIES)

35.    Whatever damage, injury, loss, or expense may be, or may have been, incurred by Plaintiffs under the circumstances and events alleged in the Complaint was solely, directly, and proximately caused, or alternatively, contributed to, by the misconduct, negligence, or wrongful conduct of Defendants other than Defendants and by third parties whose identities are not now known by Defendants. Therefore, Defendants request that in the event Plaintiffs recover against Defendants whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties. Defendants further request a judgment and declaration of indemnification and contribution against all those parties against all those parties or persons in accordance with the apportionment of fault.

## THIRTY-FIFTH DEFENSE

### (DUE CARE)

36.    Defendants exercised due care with respect to all matters alleged in the Complaint.

46855.wpd

1        **THIRTY-SIXTH DEFENSE**

2        **(SPECULATIVE DAMAGES)**

3        37.    Plaintiffs' damages, if any, are speculative and may not be recovered.

4        **THIRTY-SEVENTH DEFENSE**

5        **(PREEMPTION)**

6        38.    Plaintiffs' state law claims are preempted by federal law.

7        **THIRTY-EIGHTH DEFENSE**

8        **(CERCLA § 113 CONTRIBUTION CLAIMS BARRED UNDER AVIALL)**

9        39.    Upon information and belief, Plaintiffs have not been sued under CERCLA

10   sections 106 or 107.  Defendants allege that under <u>Cooper Industries, Inc. v. Aviall Services, Inc.,</u>

11   125 S. Ct. 577 (2004), Plaintiffs are barred from seeking contribution from Defendants under

12   CERCLA section 113.

13       **THIRTY-NINTH DEFENSE**

14       **(ADDITIONAL DEFENSES)**

15       40.    Defendants reserve the right to offer additional defenses which cannot now be

16   articulated due to Plaintiffs' failure to particularize their claims or to Defendants' lack of

17   knowledge of the circumstances surrounding Plaintiffs' claims.  Upon further particularization of

18   the claims by Plaintiffs or upon discovery of further information concerning Plaintiffs' claims,

19   Defendants reserve the right to assert additional defenses.

20       **FORTIETH DEFENSE**

21       **(INCORPORATION OF CROSS-CLAIM)**

22       41.    Defendants refer to and incorporate herein each and every allegation contained in

23   the Cross-Claim served and filed herewith.

24       **FORTY-FIRST DEFENSE**

25       **(INNOCENT LANDOWNER)**

26       42.    Defendants are an innocent landowner are immune from liability under CERCLA.

27       **DEMAND FOR JURY TRIAL**

28       43.    Defendants hereby demand a jury trial.

46855.wpd

## PRAYER FOR RELIEF

WHEREFORE Defendants pray as follows:

1.      That Plaintiffs take nothing by way of their Complaint;

2.      That the Complaint be dismissed in its entirety;

3.      That Defendants be awarded their costs, expert consultant and witness fees, and reasonable attorneys' fees;

4.      For a declaration declaring that Defendants are not liable to Plaintiffs in any amount; and

5.      For such other and further relief as the Court deems just and proper.

Dated: June __11__, 2007

                            **BASSI, MARTINI, EDLIN & BLUM** LLP

                            By:_____
                               JONATHAN ERIC MEISLIN
                               Attorneys for Defendant
                               **MAYHEW CENTER, LLC AND DEAN DUNIVAN**

46855.wpd

1  **Re:**   **Walnut Creek Manor, LLC v. MAYHEW CENTER, LLC, a California limited**
**liability company; Dean Dunivan, an individual; Etch-Tek, Inc., a former Califonia**
2  **corporation, Etch-Tek Electronics Corporation, a suspended California**
**corporation, and DOES 1-50, inclusive**
3  **United States District Court, Northern District, Case No. C 07 5664**

4  ## PROOF OF SERVICE - CCP § 1013(a)(3)

5  STATE OF CALIFORNIA/COUNTY OF San Francisco

6      I am a citizen of the United States and an employee in the County of San Francisco. I am
over the age of eighteen (18) years and not a party to the within action. My business address is
7  BASSI, MARTINI, EDLIN & BLUM LLP, 351 California Street, Suite 200, San Francisco,
California 94104.

8
    On the date set forth below, I served the within:

9
**ANSWER OF DEFENDANTS MAYHEW CENTER, LLC, AND DEAN DUNIVAN**
10  **TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

11  **DEMAND FOR JURY TRIAL**

12  on the following parties:

13      Brian Kelly, Esq.
    Duane Morris
14      One Market, Spear Tower
    San Francisco, CA 94105-1104
15      Tel. (415) 957-3213
    Fax (415) 957-3001
16

17  <u>XX</u>   **BY MAIL:**   I caused such envelope to be deposited in the mail at San Francisco,
California. I am readily familiar with the firm's practice for collection and processing of
18  correspondence for mailing. It is deposited with the U.S. Postal Service on that same day
in the ordinary course of business.
19

20      I declare under penalty of perjury that the foregoing is true and correct and that this
document is executed on June 11, 2008, at San Francisco, California.
21

22  CHRISTINE GILL