1  FRED M. BLUM, ESQ. (SBN 101586)
   JONATHAN E. MEISLIN, ESQ. (SBN 243523)
2  BASSI, MARTINI, EDLIN & BLUM LLP
   351 California Street, Suite 200
3  San Francisco, CA 94104
   Telephone:   (415) 397-9006
4  Facsimile:   (415) 397-1339

5  Attorneys for Defendant
   MAYHEW CENTER, LLC AND DEAN DUNIVAN

6

7                      UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10  WALNUT CREEK MANOR, LLC,              )  Case No. C 07 5664
                                          )
11              Plaintiffs,               )  STIPULATION AND [PROPOSED]
                                          )  ORDER EXTENDING CERTAIN PRE-
12       vs.                              )  TRIAL DATES SET FORTH IN THE
                                          )  COURT'S MARCH 30, 2008, MINUTE
13  MAYHEW CENTER, LLC, a California      )  ORDER AND CASE MANAGEMENT
    limited liability company; Dean Dunivan, an  )  ORDER
14  individual; Etch-Tek, Inc., a former Califonia  )
    corporation, Etch-Tek Electronics     )
15  Corporation, a suspended California   )  Trial Date: May 18, 2008
    corporation, and DOES 1-50, inclusive,  )
16                                        )
                Defendants.               )
17                                        )
                                          )
18  _____  )
                                          )
19  MAYHEW CENTER, LLC, a California      )
    limited liability company; and DEAN  )
20  DUNIVAN, an individual,              )
                                          )
21          Cross-Claimants,              )
                                          )
22       vs.                              )
                                          )
23  WALNUT CREEK MANOR, LLC,              )
                                          )
24          Cross-Defendant.              )
                                          )
25  _____  )

26

27

28

    51040                               1

1  ·  IT IS HEREBY STIPULATED, by the parties herein, by and through their attorneys of

2  record, that the date for completion of fact discovery set forth in the Court's March 20, 2008

3  Minute Order and Case Management Order ("CMO"), a copy of which is attached hereto as

4  Exhibit "A," in this matter will be extended for the following reasons:

5      1.    The parties have yet to complete, and are not expected to complete by

6          September 3, 2008, all factual discovery;

7      2.    The parties are currently attempting to informally resolve certain

8          discovery disputes, which will require additional time beyond September

9          3, 2008, to resolve; and

10      3.    The depositions of various witnesses, including Plaintiff Walnut Creek

11          Manor, LLC's person most knowledgeable and percipient witnesses, have

12          yet to be completed;

13      The parties, therefore, believe that extending the factual discovery cut-off date, which is

14  currently set for September 3, 2008, until November 3, 2008, is in the best interest of all parties

15  involved.  Therefore, the parties hereby stipulate to extend the date for completion of fact

16  discovery until **November 3, 2008**.

17      The parties additionally stipulate, by and through their attorneys of record, that the

18  following pre-trial dates in the CMO will also be extended for a period of sixty days:

19

| Event | Previous Deadline | New Deadline |
|---|---|---|
| - Disclosure of Identities and Reports of Expert Witnesses: | 9/29/08 | 11/28/08 |
| - Completion of Expert Discovery: | 11/14/08 | 01/13/09 |
| - All Case-Dispositive Motions to be Heard on or Before: | 12/18/08 | 02/19/09 |

27      The parties further stipulate and request that the Court continue the date of the next Case

28  Management Conference, set on December 18, 2008, until February 19, 2009, or a date available

1   for the Court to conduct the next Case Management Conference.

2

3        IT IS SO STIPULATED.

4

5   Dated: September __11__, 2008          BASSI, MARTINI, EDLIN & BLUM LLP

6

7

8                                         By: _____
9                                            FRED M. BLUM
                                             JONATHAN E. MEISLIN
10                                           Attorneys for DEFENDANTS
                                             MAYHEW CENTER, LLC AND DEAN
11                                           DUNIVAN

12

13  Dated: September __10__, 2008          DUANE MORRIS LLP

14

15                                         By: _____
16                                            BRIAN A. KELLY
                                             ANDREW T. LLOYD
17                                           Attorneys for PLAINTIFF
                                             WALNUT CREEK MANOR, LLC

18

19

20

21

22

23

24

25

26

27

28

51040

STIPULATION AND [PROPOSED] ORDER EXTENDING FACTUAL DISCOVERY CUT-OFF DATE TO NOVEMBER 3, 2008

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

Pursuant to the foregoing stipulation of the Parties, and for good cause shown, the Court hereby orders that the following dates in the Court's March 20, 2008, Minute Order and Case Management Order are hereby amended as follows:

| Event | Previous Deadline | New Deadline |
|---|---|---|
| - Completion of Fact Discovery | 09/03/08 | 11/03/08 |
| - Disclosure of Identities and Reports of Expert Witnesses: | 09/29/08 | 11/28/08 |
| - Completion of Expert Discovery: | 11/14/08 | 01/13/09 |
| - All Case-Dispositive Motions to be Heard on or Before: | 12/18/08 | 02/19/09 |
| - Date of the Next Case Management Conference: | 12/18/08 | 02/19/09 |

All other dates set forth in the March 20, 2008, Minute Order and Case Management Order will remain unchanged.

**IT IS SO ORDERED.**

9/18/08

Dated: _____     _____

Judge of the US District Court
Northern District of California

51040

4

STIPULATION AND [PROPOSED] ORDER EXTENDING FACTUAL DISCOVERY CUT-OFF DATE TO NOVEMBER 3, 2008

# EXHIBIT A

Case 4:07-cv-05664-CW   Document 16   Filed 03/20/2008   Page 1 of 12

1            IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3   WALNUT CREEK MANOR,                    No. C 07-05664 CW

4       v.                                 MINUTE ORDER AND
                                           CASE MANAGEMENT
5   MAYHEW CENTER,                         ORDER
                                       /

6

7   Clerk: Sheilah Cahill         Reporter: Raynee Mercado
    Plaintiff Attorney: Brian Kelly; Andrew Lloyd
8   Defendant Attorney: Noel Edlin

9       A case management conference was held on: 3/4/08.  The Case
    Management Statement and Proposed Order filed by the parties is hereby
10  adopted by the Court as the Case Management Order for the case, except
    as may be noted below.  The Court's standard Order for Pretrial
11  Preparation also applies.

12  The case is hereby referred to the following ADR process:
    Non-binding Arbitration: [ ]     Early Neutral Evaluation: [ X ]
13  Court-connected mediation: [ ]    Private mediation: [ ]
    Magistrate Judge settlement conference: [ ]
14  ADR session to be held by:                              [04/19/08]
    (or as soon thereafter as is convenient to the mediator's schedule)

15
    Deadline to add additional parties or claims:           [05/05/08]
16  Date of next case management conference:                [12/18/08]

17  Completion of Fact Discovery:                           [09/03/08]
    Disclosure of identities and reports of expert witnesses: [09/29/08]
18  Completion of Expert Discovery:                         [11/14/08]

19  All case-dispositive motions to be heard at 2:00 P.M.
            on or before:                                   [12/18/08]
20  Final Pretrial Conference at 2:00 P.M. on:              [05/05/09]
    A 9 day Jury Trial will begin at 8:30 A.M. on:          [05/18/09]

21
    Additional Matters:  Copy of Court's Order for Pretrial Preparation
22  given to attys in court.  Plaintiff will need to obtain a stipulation
    or file a motion to extend time to serve any unserved defendants.  A
23  **Further Case Management Conference will be held on 12/18/08 at 2:00
    p.m. whether or not dispositive motions are filed (or on whatever date
24  dispositive motions are set).**

25       IT IS SO ORDERED.

26

27

28

1  Dated: 3/20/08

_Claudia Wilken_
CLAUDIA WILKEN
United States District Judge

4
   Copies to:   Chambers; ADR

NOTICE

   **Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody. **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

   Motions for Summary Judgment: All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (See Civil L.R. 7-2). Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (See Civil Local Rule 56-2(a)). The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion. Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court. Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing. The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing. (See Civil Local Rule 7-3). The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

   All discovery motions are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

   Pursuant to General Order 45,§ VI.G, "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically,** one paper copy of each document that is filed electronically."

(rev. 10/10/07)

1

ORDER FOR PRETRIAL PREPARATION

2   PRETRIAL CONFERENCE

3       1.  Not less than 30 days prior to the pretrial conference,

4   counsel shall **exchange** (but not file or lodge) the papers

5   described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their

6   motions in limine.

7       2.  At least 20 days before the final pretrial conference,

8   lead counsel who will try the case shall meet and confer with

9   respect to:

10          (a)  Preparation and content of the joint pretrial
    conference statement;

11

12          (b)  Resolution of any differences between the
    parties regarding the preparation and content of the joint
    pretrial conference statement and the preparation and

13  exchange of pretrial materials to be served and lodged
    pursuant to this Order for Pretrial Preparation.  To the

14  extent such differences are not resolved, parties will
    present the issues in the pretrial conference statement so

15  that the judge may rule on the matter during the pretrial
    conference; and

16
            (c)  Settlement of the action.
17
        3.  Not less than 10 days prior to the pretrial
18
    conference, counsel shall submit the following.
19
            (a)  Pretrial Conference Statement.  The parties shall
20
    file a joint pretrial conference statement containing the
21
    following information:
22
            (1)  The Action.
23
            (A) Substance of the Action.  A brief description of
24  the substance of claims and defenses which remain to be
    decided.
25
            (B)  Relief Prayed.  A detailed statement of all the
26  relief claimed, particularly itemizing all elements of
    damages claimed.
27
            (2)  The Factual Basis of the Action.
28

(A)  Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

(B)   Disputed Factual Issues.   A plain and concise statement of all disputed factual issues which remain to be decided.

(C)  Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D)   Stipulations.    A  statement  of  stipulations requested or proposed for pretrial or trial purposes.

(3)  Disputed Legal Issues.   Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4)  Further Discovery or Motions.  A statement of all remaining discovery or motions.

(5)  Trial Alternatives and Options.

(A)  Settlement Discussion.  A statement summarizing the  status  of  settlement  negotiations  and  indicating whether further negotiations are likely to be productive.

(B)  Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C)   Bifurcation, Separate Trial of Issues.   A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6)  Miscellaneous.  Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b)  Exhibit List and Objections.  The exhibit list shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into

United States District Court
For the Northern District of California

1    evidence.  **No party shall be permitted to offer any exhibit in**
2    **its case-in-chief that is not disclosed in its exhibit list**
3    **without leave of the Court for good cause shown.**  Parties shall
4    also deliver a set of premarked exhibits to the Courtroom
5    Deputy.  The exhibit markers shall each contain the name and
6    number of the case, the number of the exhibit, and blanks to
7    accommodate the date admitted and the Deputy Clerk's initials.
8    (Appropriate sample forms are available on the Court's website
9    at www.cand.uscourts.gov).  Any objections to exhibits which
10   remain after the pretrial meeting shall be indicated in the
11   pretrial statement.

12         (c)  Witness List.  In addition to the requirements of
13   FRCivP 26(a)(3)(A), a brief statement describing the substance
14   of the testimony to be given by each witness who may be called
15   at trial.  **No party shall be permitted to call any witness in**
16   **its  case-in-chief  that  is  not  disclosed  in  its  pretrial**
17   **statement without leave of Court for good cause shown.**

18         (d)  Use of Discovery Responses.  In addition to the
19   requirements  of  FRCivP  26(a)(3)(B),  a  designation  of  any
20   excerpts  from  interrogatory  answers  or  from  responses  for
21   admissions  intended  to  be  offered  at  trial.   Counsel  shall
22   indicate  any  objections  to  use  of  these  materials  and  that
23   counsel have conferred respecting such objections.

24         (e)  Trial briefs.  Briefs on all significant disputed
25   issues of law, including foreseeable procedural and evidentiary
26   issues, which remain after the pretrial meeting.

27         (f)  Motions in Limine.  Any motions in limine that
28   could not be settled at the pretrial meeting shall be filed with

United States District Court

For the Northern District of California

1    the pretrial statement.    All motions in limine shall be
2    contained within one document, limited to 25 pages pursuant to
3    Civil L.R. 7-2(b), with each motion listed as a subheading.
4    Opposition to the motions in limine shall be contained within
5    one   document,   limited   to   25   pages,   with   corresponding
6    subheadings, and filed five (5) days thereafter.

7              (g)   Joint Proposed Voir Dire.   The attached voir dire
8    questionnaire will be given to the venire members, and copies of
9    the responses will be made available to counsel at the beginning
10   of voir dire.   Counsel may submit a set of additional requested
11   voir dire, to be posed by the Court, to which they have agreed
12   at the pretrial meeting.    Any voir dire questions on which
13   counsel cannot agree shall be submitted separately.   Counsel may
14   be   allowed   brief   follow-up   voir   dire   after   the   Court's
15   questioning.

16             (h)   Joint Proposed Jury Instructions.   As applicable,
17   jury instructions §1.1A, §1.1C, §1.2 through §1.17, §1.19, §2.1
18   through §2.13, §3.1 through §3.3 from the Manual of Model Civil
19   Jury Instructions for the Ninth Circuit (2007 Edition) will be
20   given absent objection.   Counsel shall jointly submit one set of
21   additional proposed jury instructions, to which they have agreed
22   at the pretrial meeting.    The instructions shall be ordered in
23   a logical sequence, together with a table of contents.    Any
24   instruction on which counsel cannot agree shall be marked as
25   "disputed," and shall be included within the jointly submitted
26   instructions and accompanying table of contents, in the place
27   where the party proposing the instruction believes it should be
28   given.   Argument and authority for and against each disputed

United States District Court
For the Northern District of California

1 instruction shall be included as part of the joint submission,

2 on separate sheets directly following the disputed instruction.

3 Whenever possible, counsel shall deliver to the

4 Courtroom Deputy a copy of their joint proposed jury

5 instructions on a computer disk in WordPerfect or ASCII format.

6 The disk label should include the name of the parties, the case

7 number and a description of the document.

8 (i) Proposed Verdict Forms, Joint or Separate.

9 (j) Proposed Findings of Fact and Conclusions of Law

10 (Court Trial only). Whenever possible, counsel shall deliver to

11 the Courtroom Deputy a copy of their proposed findings of fact

12 and conclusions of law on a computer disk in WordPerfect or

13 ASCII format. The disk label should include the name of the

14 parties, the case number and a description of the document.

15 JURY SELECTION

16 The Jury Commissioner will summon 20 to 25 prospective

17 jurors. The Courtroom Deputy will select their names at random

18 and seat them in the courtroom in the order in which their names

19 are called.

20 Voir dire will be asked of sufficient venire persons so

21 that eight (or more for a lengthy trial) will remain after all

22 peremptory challenges and an anticipated number of hardship

23 dismissals and cause challenges have been made.

24 The Court will then take cause challenges, and discuss

25 hardship claims from the individual jurors, outside the presence

26 of the venire. The Court will inform the attorneys which

27 hardship claims and cause challenges will be granted, but will

28 not announce those dismissals until the process is completed.

Each side may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the Courtroom Deputy.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining. Those people will be the jury.

All jurors remaining at the close of the case will deliberate. There are no alternates.

SANCTIONS

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.



Dated: _____          _____
                                         CLAUDIA WILKEN
                                         UNITED STATES DISTRICT JUDGE

JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1.    Your name: _____

2.    Your age: _____

3.    The city where you live: _____

4.    Your place of birth: _____

5.    Do you rent or own your own home? _____

6.    Your marital status: (circle one)

      single   married   separated   divorced   widowed   live with partner

7.    What is your occupation, and how long have you worked in it?   (If you are retired, please describe your main occupation when you were working).

_____

_____

8.    Who is (or was) your employer?

_____

9.    How long have you worked for this employer? _____

10.   Please list the occupations of any adults with whom you live.

_____

11.   If you have children, please list their ages and sex and, if they are employed, please give their occupations.

_____

_____

United States District Court
For the Northern District of California

12.   Please describe your educational background:

      Highest grade completed: _____

      College and/or vocational schools you have attended:

      _____

      _____

      _____

      _____

      Major areas of study:_____

13.   Have you ever served on a jury before? _____ How many

      times?_____

      If yes:  State/County Court _____ Federal Court _____

      When? _____

      Was it a civil or criminal case? _____

      Did the jury(ies) reach a verdict? _____

(rev. 10/10/07)

Re: **Walnut Creek Manor, LLC v. MAYHEW CENTER, LLC, a California limited liability company; Dean Dunivan, an individual; Etch-Tek, Inc., a former Califonia corporation, Etch-Tek Electronics Corporation, a suspended California corporation, and DOES 1-50, inclusive**
**United States District Court, Northern District Case No. C 07 5664**

## PROOF OF SERVICE – ELECTRONIC TRANSMISSION

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, MARTINI, EDLIN & BLUM LLP, 351 California Street, Suite 200, San Francisco, California 94104.

On the date executed below, I electronically served the document(s) via ECF, described below, on the recipients designated on the District Court's ECF Transaction Receipt located on the ECF website.

**STIPULATION AND [PROPOSED] ORDER EXTENDING CERTAIN PRE-TRIAL DATES SET FORTH IN THE COURT'S MARCH 30, 2008, MINUTE ORDER AND CASE MANAGEMENT ORDER**

On the following parties:

SEE SERVICE LIST PROVIDED BY DISTRICT COURT'S ECF WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on September 11, 2008, at San Francisco, California.


/s/ CHRISTINE GILL
CHRISTINE GILL

52802

1

PROOF OF SERVICE