IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALNUT CREEK MANOR, LLC,

    Plaintiff,

  v.

MAYHEW CENTER, LLC; and DEAN DUNIVAN,

    Defendants.

_____

MAYHEW CENTER, LLC; and DEAN DUNIVAN,

    Cross-Claimants,

  v.

WALNUT CREEK MANOR, LLC,

    Cross-Defendant.

_____/

No. C 07-05664 CW

ORDER ON MOTIONS IN LIMINE

As discussed at the final pre-trial conference, the Court rules on the parties' motions in limine as follows:

**Walnut Creek Manor's Motions in Limine**

| | |
|---|---|
| No. 1: Exclude superior court's decision of WCM's writ petition | Granted |
| No. 2: Exclude MC's groundwater migration theory | Denied |
| No. 3: Exclude soil vapor results as evidence of contamination source | Denied |
| No. 4: Exclude MC's post-lawsuit photographs of the WCM property | Denied |
| No. 5: Exclude evidence of diesel underground storage tank formerly on WCM property | Granted |

| | |
|---|---|
| No. 6: Exclude evidence of potential use by WCM residents of household cleaning products that may have contained PCE | Denied |
| No. 7: Exclude evidence of vehicle repair at WCM as a potential source of PCE release | Denied |
| No. 8: Exclude evidence regarding the existence of total petroleum hydrocarbons (TPH) in the WCM soil. | Denied |
| No. 9: Exclude testimony that the amount of PCE "spilled" in this case does not exceed two gallons | Granted as moot because MC's experts will not testify to this fact; however, Schultze may testify as to the estimated quantity of the spill |
| No. 10: Exclude evidence of "data gaps" on WCM property | Denied |
| No. 11: Exclude soil data derived from unlicensed sampling collected by Dean Dunivan | Denied |
| No. 12: Exclude expert testimony of William Wick | Granted |
| No. 13: Exclude expert testimony of Walter Ricci regarding diminution of MC's property value | Denied |
| No. 14: Exclude testimony of undisclosed expert witnesses | Granted, but Scott Seyfried and John Mateo may testify as fact witnesses. |
| No. 15: Exclude Jan Schutze's testimony on chemicals used by Etch-Tek | Denied, however Schutze cannot testify that Etch-Tek did not use PCE |
| No. 16: Exclude Christopher Vais' testimony regarding source of PCE release or PCE migration patterns | Granted as moot because Vais' testimony will not be offered for this purpose |
| No. 17: Exclude Vais' opinion that PCE on the MC property is inconsistent with a release from an industrial user | Denied |
| No. 18: Exclude evidence of MC's estimated remediation costs as tort damages | Denied |

2

**Mayhew Center's Motions in Limine**

| | |
|---|---|
| No. 1: Exclude Robert Kuykendall's expert opinion | Denied if offered as a proper rebuttal witness |
| No. 2: Exclude Michael Williams' expert opinion | Denied, however Williams cannot testify as to the credibility of the Beards' testimony |
| No. 3: Exclude Joseph Odencrantz | Denied if offered as a proper rebuttal witness |
| No. 4: Admit WCM's declaration that it hired Joseph Odencrantz for purposes of litigation | Denied |
| No. 5: Exclude Scott Warner from testifying about issues not previously disclosed to MC | Granted, only to the extent that Warner will testify on issues not previously disclosed |
| No. 6: Exclude reference to the fact that MC's counsel previously retained Scott Warner | Denied; Walnut Creek Manor may raise this on redirect |
| No. 7: Exclude evidence of the Concord site contamination | Denied |
| No. 8: Exclude evidence that Etch-Tek was "known to have used PCE" | Granted |
| No. 9: Exclude fire department safety notices and related letters issued to Etch-Tek | Granted |
| No. 10: Exclude the Etch-Tek floor plan | Denied |
| No. 11: Exclude reference to MC's failure to develop a health and safety plan | Denied |
| No. 12: Prohibit WCM from introducing evidence of diminution of its property value | Denied |

IT IS SO ORDERED.

Dated: 5/6/09

CLAUDIA WILKEN
United States District Judge

3