IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALNUT CREEK MANOR,<br><br>    Plaintiff,<br><br>  v.<br><br>MAYHEW CENTER, LLC, et al.<br><br>    Defendants.<br>_____/ | No. C 07-5664 CW<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME FOR CLEANUP & ABATEMENT (Docket No. 279) |

Defendants Mayhew Center, LLC and Dean Dunivan request additional time to cleanup and abate the soil and groundwater contamination they caused on Plaintiff Walnut Creek Manor's property. Defendants' original deadline for completing this process under the terms of this Court's November 23, 2010 injunction was November 23, 2012. Because Defendants have not established the requisite "good cause" for an extension of the deadline, as outlined in the injunction order, their request is denied.

## DISCUSSION

The parties executed a settlement agreement in October 2010 in which they stipulated that Defendants would promptly remedy the PCE contamination they caused on Plaintiff's property. Docket No. 272, Defs.' Ex. B. On November 23, 2010, this Court approved the stipulation and issued an injunction ordering Defendants to commence cleanup on Plaintiff's property. Docket No. 273, Defs.' Ex. C.

In particular, the injunction required Defendants to reduce the levels of PCE concentration on that property to "the most

stringent standards or levels for residential properties articulated by the Regional Water Quality Control Board, San Francisco Bay Region." Id. at 2. Defendants were required to complete this process within two years of the injunction date. Id. at 4. If they failed to do so, then Plaintiff would be permitted to recover any funds remaining in an escrow account that Defendants created to fund their cleanup and abatement efforts. Id. at 8. If Defendants successfully completed cleanup and abatement before the two-year deadline, they would be permitted to keep any remaining funds in the escrow account for themselves. Id.

The injunction allowed for an extension of this deadline under certain, limited circumstances. Specifically, it provided that an extension would be granted only

> upon a finding of good cause by the Court that [Defendants] have diligently pursued reasonable and appropriate measures to comply with the terms of this INJUNCTION ORDER in an effort to achieve RESIDENTIAL STANDARDS, but through no fault of [Defendants] or their consultants, additional time will be needed to CLEANUP AND ABATE [Plaintiff's contaminated property].

Id. at 6-7 (capital letters in original).

Defendants have not met this standard here. Plaintiff has submitted evidence documenting multiple instances where Defendants' own conduct led to delays in the remediation process. They note, for instance, that Defendants failed to provide mandatory insurance forms for their contractors, which delayed work on Plaintiff's property for several months. Declaration of Brian Kelly ¶¶ 17-18, Exs. B & C. Defendants attempt to blame this delay on Plaintiff, who restricted the contractors' access to its property, but neglect to mention that they expressly agreed to

2

provide these forms to Plaintiff as a precondition to accessing its property. See Defs.' Ex. E, Access Agreement. Defendants also ignore the fact that they failed to commence work on their own property -- to which they had full and unrestricted access -- for more than a year after the injunction issued, despite pleas from the Regional Water Board to begin much sooner. Kelly Decl., Ex. C. These delays cannot be said to have occurred through "no fault" of Defendants. Accordingly, under the terms of the injunction order, Defendants have not established "good cause" for an extension of the deadline. Nonetheless, Plaintiff has represented that it does not wish to recover the funds in the escrow account but rather wishes to leave them available for prompt cleanup and abatement of its property.

CONCLUSION

For the reasons set forth above, Defendants' motion for an extension of the cleanup and abatement deadline (Docket No. 279) is DENIED. The Court takes Plaintiff's request for attorney fees under submission.

By July 31, 2013, Defendants must perform all of the obligations they were to have performed by November 23, 2012. See Defs.' Ex. C, at 3-4. Plaintiff has represented that it does not intend to seek to recover the funds in the escrow account. Based on that representation, Plaintiff is ordered not to do so, absent

3

permission from the Court.  Defendants must comply with all of their remaining obligations under the injunction.

IT IS SO ORDERED.

Dated: 2/1/2013

CLAUDIA WILKEN
United States District Judge