IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALNUT CREEK MANOR, LLC, | No. C 07-5664 CW |
| Plaintiff, | ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT (Docket No. 288) |
| v. | |
| MAYHEW CENTER, LLC, et al. | |
| Defendants. | |

On May 24, 2013, Defendant Dean Dunivan, proceeding pro se,[1] filed a motion to enforce the settlement agreement that he reached with Plaintiff Walnut Creek Manor, LLC in October 2010. In particular, Dunivan seeks (1) an injunction barring Dr. Clifford Tschetter from pursuing claims against him in state court and (2) an evidentiary hearing to determine whether Tschetter should be held in contempt. Because both of these requests fall outside the scope of the Court's jurisdiction to enforce the settlement agreement, Dunivan's motion is denied.

## DISCUSSION

Under the terms of the parties' settlement agreement, Dunivan and Mayhew Center are required to clean up and abate the chemical contamination that they caused on Plaintiff's property. The agreement sets forth various tasks that Defendants are required to

---

[1] Because Dunivan is proceeding pro se, he is prohibited under the local rules from representing his co-Defendant Mayhew Center, LLC. Civil Local Rule 3-9(b) provides, "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."

1 complete by certain deadlines and authorizes the Court to enforce
2 its terms. See Docket No. 273, Stipulation & Injunction, at 8.
3 Here, Dunivan has asked the Court to exercise its authority
4 under the settlement agreement to enjoin Tschetter, a non-party,
5 from pursuing claims against him in Contra Costa County Superior
6 Court. He also seeks to hold Tschetter in contempt for allegedly
7 causing Mayhew Center to default on its mortgage payments.
8 Neither of these requests relates to the enforcement of the
9 parties' settlement agreement because Tschetter himself is not a
10 party to the agreement.
11 Nevertheless, Dunivan argues that the Court may enjoin
12 Tschetter's state court lawsuit under the Anti-Injunction Act, 28
13 U.S.C. § 2283, and the All Writs Act, id. § 1651. These statutes,
14 however, are inapplicable here because they authorize a federal
15 court to enjoin state court proceedings only under narrow
16 circumstances -- specifically, where "expressly authorized by Act
17 of Congress, or where necessary in aid of its jurisdiction, or to
18 protect or effectuate its judgments." Id. § 2283. The instant
19 case does not fall under any of these exceptions. Although a
20 federal court may enjoin a state court action to protect its
21 jurisdiction over a settlement agreement, it may do so only when
22 the parties seek "to evade their own agreement, incorporated in a
23 court order and judgment, to submit disputes and enforcement
24 proceedings regarding their settlement to the federal district
25 court." Flanagan v. Arnaiz, 143 F.3d 540, 546 (9th Cir. 1998).
26 Dunivan has not shown that any party to this lawsuit has sought to
27 evade its obligations under the settlement agreement; rather, as
28 noted above, he seeks to enjoin a state court action filed by

2

someone who was never a party to the settlement agreement in the first place.

Thus, because Dunivan has not demonstrated why the relief he seeks is necessary to enforce the terms of the settlement, his motion is denied. If Dunivan believes that Tschetter's state court claims are barred by a statute of limitations, collateral estoppel, or any other grounds, then the appropriate forum for him to raise those arguments is the state court in which those claims were filed.

## CONCLUSION

For the reasons set forth above, Dunivan's motion for contempt (Docket No. 288) is DENIED and Dunivan's motion for an order to shorten time (Docket No. 294) is DENIED as moot. As the Court stated in its February 1, 2013 order, Docket No. 287, Defendants must complete their cleanup and abatement obligations by July 31, 2013.

IT IS SO ORDERED.

Dated: 5/31/2013

CLAUDIA WILKEN
United States District Judge

3