IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALNUT CREEK MANOR, LLC,<br><br>    Plaintiff,<br><br>   v.<br><br>MAYHEW CENTER, LLC, and DEAN DUNIVAN,<br><br>    Defendants.<br>_____/ | No. C 07-5664 CW<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION AND EXTENSION OF TIME (Docket Nos. 297, 304) |

Defendant Dean Dunivan, proceeding <u>pro se</u>, moves for reconsideration of the Court's May 31, 2013 order denying his "motion to enforce [the] settlement agreement by contempt" against Dr. Clifford Tschetter.[1]  In addition, he moves for an extension of time to complete cleanup and abatement of the chemical contamination on Plaintiff Walnut Creek Manor's property, pursuant to the parties' settlement agreement.  For the reasons set forth below, both motions are denied.

## BACKGROUND

In November 2010, Defendants Dunivan and Mayhew Center entered into a settlement agreement with Plaintiff.  Docket No. 273.  The only signatories to that agreement were Dunivan, both in his individual capacity and as manager and owner of Mayhew Center, and a representative of Plaintiff.  <u>Id.</u> at 21-22.  The Court closed the case but, pursuant to a stipulation between the

---

[1] Although Dunivan seeks to represent his co-Defendant, Mayhew Center, LLC, the local rules preclude him from doing so because he is not an attorney.  Civil L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").

parties, retained jurisdiction to enforce the terms of the settlement agreement.

In November 2012, Defendants moved for an extension of time to complete their cleanup and abatement obligations under the settlement agreement. Docket No. 279. The agreement originally required Defendants to complete cleanup and abatement by November 2012 but permitted them to ask for an extension of time if they could show that they were not responsible for any delays that occurred prior to that deadline. Although the Court found that Defendants were, in fact, responsible for several delays in cleanup and abatement, it nevertheless granted them a brief extension until July 31, 2013 to complete cleanup and abatement. Plaintiff did not object to this brief extension.

In May 2013, Dunivan, proceeding pro se, filed a motion seeking (1) an injunction barring Tschetter from pursuing claims against him in state court and (2) an evidentiary hearing to determine whether Tschetter should be held in contempt. The Court denied the motion on May 31, 2013, explaining that Dunivan's requests fell outside the Court's jurisdiction because Tschetter is not a party to the November 2010 settlement agreement. On June 7, 2013, Dunivan moved for reconsideration of that order. Seven weeks later, on July 26, 2013, he moved for another extension of time to complete cleanup and abatement of Plaintiff's property.

DISCUSSION

I.   Motion for Reconsideration

Dunivan moves for reconsideration under Federal Rules of Civil Procedure 59 and 60 and Civil Local Rule 7-9. Although his brief is somewhat convoluted, Dunivan appears to argue that the

2

Court was mistaken in finding that Tschetter was not a party to the settlement.  He asserts that Tschetter should be subject to the terms of the parties' settlement agreement because he has helped fund Defendants' cleanup and abatement efforts, paid some of their legal fees, and even contributed to payments on the Mayhew Center mortgage.  See Docket No. 297, Mot. Reconsideration 4 ("Dr. Tschetter was intimately closely connected, and 'in privity' for the past three years with the Stipulation and Settlement.").  Even assuming that these allegations are true, however, this would not provide a basis for relief under any of the provisions Dunivan has invoked.

Rule 59, for instance, is inapplicable because Dunivan is not seeking to alter or amend a final judgment.  See, e.g., Nidec Corp. v. Victor Co. of Japan, 2007 WL 4108092 (N.D. Cal.) ("[T]he challenged Order is not a final judgment or appealable interlocutory order, and therefore JVC cannot avail itself of Rule 59(e), which only applies to reconsideration of 'final judgments and appealable interlocutory orders.'" (citations omitted)).  Although Dunivan may challenge the May 2013 order under Rule 60 or Civil Local Rule 7-9, he has not shown that the prior order was based on any "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  Nor has he presented any "newly discovered evidence," fraud or misrepresentation by Plaintiff, or "any other reason that justifies relief" here.  Id.  Finally, Dunivan has failed to show the "emergence of new material facts or a change of law" since the Court's prior order and has not identified any "manifest failure by the Court to consider material

3

facts or dispositive legal arguments" in deciding that order. Civil L.R. 7-9(b).

Ultimately, none of the evidence or argument that Dunivan has submitted establishes that Tschetter was a party to the 2010 settlement agreement. Even if Tschetter has provided some financial assistance to Dunivan and Mayhew Center over the past three years, the record makes clear that he was not a signatory to the parties' settlement agreement and has never been bound by its terms. Moreover, the Mayhew Center mortgage is the subject of a pending action that Tschetter has filed against Dunivan in state court. It does not serve to involve Tschetter here. Thus, because Dunivan has once again failed to present any evidence that Tschetter is or should be treated as a party to this lawsuit, his motion for reconsideration is therefore denied.

II. Motion for an Extension of Time

Dunivan moves for an extension of time to complete cleanup and abatement. For reasons explained in the Court's February 1, 2013 order denying Defendants' prior motion for an extension of time, Defendants have failed to establish "good cause" for such an extension. The settlement agreement expressly states that the Court may only grant an extension of time if Defendants establish that the delays in cleanup and abatement have occurred through "no fault" of their own. Docket No. 273, at 11-12. The Court has already found that Defendants failed to make this showing and Dunivan has presented no new evidence that justifies disturbing that prior ruling. Accordingly, Dunivan's motion for an extension of time is denied.

4

CONCLUSION

For the reasons set forth above, Defendant Dunivan's motion for reconsideration (Docket No. 297) and motion for an extension of time (Docket No. 304) are DENIED.

IT IS SO ORDERED.

Dated: 8/12/2013

CLAUDIA WILKEN
United States District Judge