IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALNUT CREEK MANOR, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>MAYHEW CENTER, LLC, and DEAN DUNIVAN,<br><br>      Defendants._____/ | No. C 07-5664 CW<br><br>ORDER GRANTING MOTION TO WITHDRAW (Docket No. 298) |

The law firm of Burnham Brown moves to withdraw as counsel for Defendants Dean Dunivan and Mayhew Center, LLC. Defendant Dunivan, who serves as manager and majority owner of Mayhew Center, opposes the motion.[1]  The Court finds the matter suitable for decision without oral argument and now grants the motion.

BACKGROUND

The parties entered into a settlement agreement in 2010. Under the terms of that agreement, Defendants were required to clean up and abate the chemical contamination that they caused on Plaintiff's property by November 2012.  See Docket No. 273, Stipulation & Injunction, at 8.  After Defendants failed to meet this requirement, the Court extended their deadline to do so until July 31, 2013.  Docket No. 287.  To date, Defendants have not cleaned up the contamination on Plaintiff's property.  See Docket

---

[1] Dunivan asserts that he filed his opposition on behalf of himself, his wife, and Mayhew Center. However, his wife is not a party in this litigation. Furthermore, because Dunivan is proceeding pro se, the local rules preclude him from representing Mayhew Center. Civil L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").

No. 304, Defs.' Mot. for Extension of Time to Complete Cleanup & Abatement, at 2.

Burnham Brown filed the instant motion to withdraw in June 2013. An attorney with the firm, Charles Alfonzo, asserts that the firm's relationship with Dunivan "has significantly deteriorated to the point where it is now impossible for Counsel to continue to represent [Mayhew Center and Dunivan] and to take the necessary steps to continue to diligently pursue and protect their best interests." Docket No. 298-1, Declaration of Charles A. Alfonzo ¶ 3. Alfonzo also asserts that Defendants owe the firm "in excess of $100,000 all of which has not been paid after repeated requests to do so." Id. ¶ 2.

DISCUSSION

In a civil case, counsel may not withdraw from an action until relieved by court order. See Civil L.R. 11-5(a). Rule 3-700(C) of the California Rules of Professional Conduct provides that an attorney

> may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
>
> (1) the client
>
>     (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or . . .
>
>     (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or . . .
>
>     (f) breaches an agreement or obligation to the [attorney] as to expenses or fees. . . .

Here, Burnham Brown has presented evidence that Dunivan has failed to pay a significant amount of money to the firm for

2

services rendered over the past year.  The firm has also presented evidence that its fractured relationship with Dunivan makes it "unreasonably difficult" to continue representing him.  This is sufficient to justify withdrawal under Rule 3-700(C).

Dunivan does not dispute that he has failed to pay Burnham Brown.  In fact, he concedes in his opposition that he currently owes the firm over $120,000.  Docket No. 302, Opp. 8.  He argues, however, that Burnham Brown's motion to withdraw is untimely.  Dunivan contends that, because he has failed to pay his legal bills for over a year, the firm should have moved to withdraw several months ago.  Specifically, he asserts that the firm should have moved to withdraw in December 2012, when his unpaid legal bills totaled roughly $98,000.  Dunivan contends that the firm should have notified the Court of his outstanding debt at that time.

This argument fails for several reasons.  First, the Rules of Professional Conduct do not require that an attorney move to withdraw within a limited time period after his or her client fails to make a payment.  Burnham Brown may have reasonably believed that Dunivan would eventually pay his outstanding debt and only decided to withdraw after Dunivan's debt continued to grow.  Second, Burnham Brown's motion to withdraw would have been more problematic in December 2012 because Dunivan's motion for an extension of time to complete cleanup and abatement was still pending at that time.[2]  Third and finally, Dunivan's failure to

---

[2] What's more, if Dunivan wished to notify the Court about his outstanding debt at that time, he could have directed his attorneys to do so -- or done so himself -- at the hearing on that motion in January 2013.

3

pay is not the only basis Burnham Brown has asserted for withdrawing: as noted above, the firm also alleges that its relationship with Dunivan has "deteriorated to the point where it is now impossible to represent" him and Mayhew Center. Alfonzo Decl. ¶ 3. Dunivan has not presented any evidence or argument to refute this assertion and, as such, has not shown that the firm's motion is untimely.

Dunivan next argues that his debt to the firm does not provide a basis for withdrawal because he never believed he was responsible for paying Burnham Brown's fees. This argument, too, is unpersuasive. Dunivan's agreement with the firm -- which refers to Dunivan as "Client" and Burnham Brown as "Attorney" -- expressly provides, "<u>Client</u> agrees to pay for legal services" at the rates outlined in the contract. Def.'s Ex. 1,[3] at 2 (emphasis added). It also states, "<u>Client</u> shall pay Attorney's statements within thirty (30) days of each statement's date." <u>Id.</u> (emphasis added). Finally, the contract provides, "In the event that <u>Client</u> fails to meet its payment obligations under this Contract, Attorney reserves the right to stop work on Client's matter until such time as Client satisfies its payment obligations as set forth above." <u>Id.</u> (emphasis added).

Although the contract names Dr. Clifford Tschetter -- a non-party in this suit -- as Dunivan's guarantor, this does not relieve Dunivan of his obligations under the contract. The contract plainly states that Dunivan was responsible for paying the firm's fees. Even if Dunivan and Tschetter had some

---

[3] Although Dunivan refers to this contract as "Exhibit 3" in his opposition brief, he has labeled the document, "Exhibit 1."

4

independent understanding that Tschetter would pay Dunivan's legal fees, as Dunivan alleges, this would not change the fact that Burnham Brown has not been compensated for the services it has provided.  Tschetter is not a party to this case and any dispute that Dunivan has with him regarding Dunivan's fee agreement with the firm, including any guarantees Tschetter may have made therein, is a matter for state court.  What matters here is that Dunivan and Mayhew Center breached their payment obligations under their contract with Burnham Brown; this is sufficient grounds for withdrawal.  Cal. R. Prof. Conduct 3-700(C)(1)(f).

Finally, Dunivan contends that he and Mayhew Center will be prejudiced by Burnham Brown's withdrawal.  However, he has not presented any evidence to support this claim.  This case was closed in 2010 after the parties reached a settlement agreement and the Court has already granted Defendants an extension of time to satisfy their obligations under that agreement.  See Docket No. 287.  Dunivan has not explained how Burnham Brown's withdrawal at this point will undermine Defendants' efforts to comply with their remaining obligations under the settlement agreement.

## CONCLUSION

For the reasons set forth above, Burnham Brown's motion to withdraw (Docket No. 298) is GRANTED.  Burnham Brown's motion for an in camera hearing or leave to file documents under seal in support of its motion to withdraw (Docket No. 312) is DENIED as moot.  Defendant Dunivan's request for an in camera hearing and for leave to subpoena Tschetter and Eric Haas is DENIED.  Pursuant to Civil Local Rule 3-9(b),

Defendant Mayhew Center may not appear unless represented by a member of the bar of this Court.

    IT IS SO ORDERED.

Dated: 8/12/2013

                              CLAUDIA WILKEN
                              United States District Judge